RABUN MINERAL & DEVELOPMENT CO. *v.* HEYWARD
*et al.*

1. The motion to dismiss the bill of exceptions is without merit.
2. Under the allegations in the petition, and in view of the fact that the judgment sustaining the demurrers denied merely the right to injunctive relief, thereby retaining the suit for other purposes, it was error, under the facts alleged, for the court to refuse the injunctive relief.

No. 5281. OCTOBER 13, 1926.

ADHERED TO ON REHEARING, JANUARY 15, 1927.

Equitable petition. Before Judge J. B. Jones. Habersham superior court. August 22, 1925.

Rabun Mineral & Development Company, a corporation, filed its equitable petition against B. C. Heyward and F. S. Knight, residents of Habersham County, T. L. Bynum of Rabun County, L. F. Rickman as sheriff of Rabun County, and Roy C. LeCraw of Fulton County. In the petition it is alleged that until about March 1, 1921, petitioner was engaged in mining for gold in Rabun County on certain lands known as the "Smith gold mine property," embracing 900 acres, more or less, operating under two leases dated October 26 and November 17, 1914, from B. C. Heyward to J. D. Johnston and Robert Frame (copies of which leases are exhibited) ; that Johnston and Frame promoted and organized the plaintiff company about the year 1916, and at that time assigned the leases over to petitioner; that while the leases were not

Actions, 1 C. J. p. 1099, n. 37; p. 1100, n. 38.
Appeal and Error, 4 C. J. p. 326, n. 97 New; p. 327, n. 98 New.

formally transferred in writing to the petitioner at the time it came into corporate existence, it was nevertheless understood that this would be done, and it was done on January 15, 1918; that, the transfers being defectively executed, the leases were again transferred on February 23, 1921, a copy of which transfer is exhibited; that from the time petitioner came into corporate existence until February 10, 1920, it operated under the leases referred to, and from that date until about March 1, 1921, it operated under a deed from B. C. Heyward to petitioner, a copy of which deed is exhibited; that the sole business of petitioner is mining for gold, and in purchasing the property from Heyward it was understood and agreed by all parties that it was purchased for that purpose; that Heyward first got Johnston and Frame interested in the property, by Heyward's representations as to the large amount of gold deposits on the property, and on the strength of Heyward's representations Johnston and Frame entered into a lease contract whereby Johnston and Frame were to develop and operate said gold deposits on the land; that petitioner's officers and agents in charge of the operation and management of the company and the property were expert miners and engineers, which was fully known to Heyward; that Heyward fully knew that petitioner in purchasing the property, and especially the 86.2 acres to which reference is hereinafter specially made, did so for the purpose of mining it for gold.

It is further alleged, that on or about September 1, 1919, the Georgia Railway & Power Company, with powers under the laws of Georgia and under its charter to own, construct, and operate water-power development, electric transmission lines, electric street-railways in the State, filed a proceeding in Rabun County to condemn a portion of the land described in the leases and deed above referred to, against B. C. Heyward as owner, B. S. Graves as mortgagee, and petitioner as lessee, to condemn 86.2 acres of said Smith gold mine property, particularly described. The arbitrators selected in the condemnation proceeding awarded to B. C. Heyward the sum of $7,500 as damages for the right to flood the 86.2 acres. From the award Heyward entered an appeal in due time to a jury in the superior court of Rabun County. On February 10, 1920, petitioner purchased from Heyward the 900-acre tract of land above referred to, and the purchase was consummated by

the execution by Heyward of a warranty deed to the whole tract known as the Smith gold mine property, which included the 86.2 acres sought to be condemned by said Georgia Railway & Power Company, for the consideration of $51,500, "which consideration is not fully shown by the recitals of said deed hereinbefore referred to." Petitioner paid on the purchase-price of said land $18,500 on the execution and delivery of said deed, and executed and delivered to Heyward promissory notes aggregating $33,000, together with a mortgage to secure them. Copies of the notes and mortgage are exhibited. After petitioner obtained title to the gold mine property, including the 86.2 acres sought to be condemned, it filed a petition, on February 20, 1920, against the Georgia Railway & Power Company, seeking to restrain it from condemning the 86.2 acres on grounds alleged, including the character of the plaintiff's business, and expenses incurred in preparation for carrying on its mining operations. Before a decision was rendered by the court on this application for injunction, the condemnation proceeding which Heyward had appealed to the superior court came on to be tried at the February term, 1921, of Rabun superior court, and a verdict was rendered condemning the 86.2 acres of land and awarding damages to Heyward for the use of petitioner in the sum of $20,000 principal, with costs, which sum was paid into court by the Georgia Railway & Power Company, $7,500 of said verdict having been paid into court on or about November 1, 1919, and the balance on July 15, 1921.

On or about July 21, 1920, Heyward transferred and assigned to T. L. Bynum a one-third interest in six promissory notes and mortgage given by petitioner to Heyward for the balance of the purchase-money for the Smith gold mine property in Rabun County, as shown by copies attached to the petition; and on or about September 18, 1920, Heyward transferred and assigned to F. S. Knight and Roy C. LeCraw an $1800 interest and equity in the first note in order of maturity of said series. Heyward and Bynum obtained from the clerk of the superior court of Rabun County, prior to February 10, 1920, without the consent of petitioner, the $7,500 which had been paid into court by the Georgia Railway & Power Company. This was injurious to petitioner and the status of its case wherein it was seeking injunction to prevent the flooding of the property. Petitioner, being in ignorance of

the fact that the $7,500 had been withdrawn from the registry of the court and converted to the use of Heyward and Bynum, filed an answer to the suit of Heyward and Bynum against petitioner on the first note, admitting its indebtedness on the note, and setting up the fact that F. S. Knight had served on petitioner a notice that he held an assignment to an $1800 interest or equity in said note sued on; and in its answer petitioner asked that Knight be made a party to the suit, and be required to intervene and set up whatever right he might have in said note. Knight was duly served, and filed an intervention setting up his claim to an interest in the notes by virtue of the assignment. Heyward filed an answer to Knight's intervention. Petitioner afterwards filed an amendment which was allowed, and further amended by striking the prayers of its original answer and certain paragraphs of the first amendment. On March 4, 1921, Heyward and Bynum instituted a foreclosure proceeding on the mortgage referred to above, to the extent of the second purchase-money note amounting to $5,600, besides interest. No defense was made to this proceeding, and a judgment absolute was entered up against petitioner, which afterwards, when a levy was made on the property included in the mortgage and the same was advertised to be sold, filed an affidavit of illegality, and traversed the entry of levy by the sheriff; and this illegality and traverse are now pending in Rabun superior court. At the February term, 1925, of the same court Heyward and Bynum foreclosed the mortgage to the extent of the remaining four notes, aggregating $22,400 principal, besides interest. To this proceeding petitioner filed its plea and answer.

Other allegations set forth that on the 86.2 acres of land are gold deposits of the value of $600,000, its value for farming purposes and water-powers, and the expenditure of $30,000 or more in developing the property. One of the purposes of purchasing the land and obtaining a security deed, pending an appeal from the award of the assessors, was to place petitioner in a better position to defend its rights against the flooding of the property. Plaintiff began in good faith the suit to enjoin the condemnation of the land and the flooding of the 86.2 acres. The act of Heyward and Bynum in taking the $7,500, under the existing circumstances at that time, would defeat petitioner in the successful prosecution of a suit for injunction against the Georgia Railway & Power

26

Company to prevent the flooding of the 86.2 acres; and consequently petitioner is entitled to have credited on the remaining purchase-money notes the full amount of said verdict, or to recover the full amount of the damages sustained by reason of the breach of the covenant of warranty. By reason of the fact that the 86.2 acres is now flooded by water from six to fifty feet deep, petitioner has been evicted, and has therefore been damaged to the extent of $657,000, which is in excess of the verdict in the condemnation proceeding; and since Heyward and Bynum have taken the amount awarded by the arbitrators, thereby forcing petitioner to elect to rely upon said covenant of warranty as expressed in the deed from Heyward to petitioner, it asks to have credited upon the outstanding purchase-money notes the amount of its damage, and judgment for the overplus between the amount of said notes and the amount of its damages. Heyward is insolvent; and unless petitioner be allowed to deduct its damages as against the amount of the notes, it will be remediless to have redress for its damage for the breach of warranty. It has no adequate and complete remedy at law; it has been evicted from the 86.2 acres, and consequently the warranty contained in the deed above referred to has been breached. T. L. Bynum, transferee of the mortgage and notes, has acted as attorney at law for Heyward from the time the mortgage notes and deed were made on February 10, 1920, and prior thereto, and, as the general advisor and attorney at law of Heyward, he was familiar with the facts and circumstances of the trade and those connected with the sale and condemnation of the land, and had full notice of all the facts and circumstances above set forth; and he therefore took the notes and mortgage with full notice of petitioner's rights and equities in the premises. F. S. Knight and Roy C. LeCraw took the interest claimed by them in the first note after its maturity, and therefore are not innocent purchasers without notice, but took the interest in the note subject to all the rights and equities of petitioner.

It is further shown in the petition, that all the common-law actions instituted by Heyward and Bynum are pending in the superior court of Rabun County; that petitioner's damage is far in excess of that claimed in any one of the several actions hereinbefore referred to, and considerably in excess of the whole amount of the purchase-money claimed to be outstanding and due to Heyward

and Bynum; that because of the three common-law actions now pending on the several promissory notes and mortgage given by petitioner to Heyward, and by reason of the assignments and transfers of certain interests in said notes and mortgage, made by B. C. Heyward to T. L. Bynum, Roy C. LeCraw and Floyd S. Knight, and possibly others unknown to petitioner, it is extremely difficult, if not impossible, for petitioner to maintain an adequate defense to the several suits and conflicting claims; that to try the cases as they now stand will require several separate trials and the verdicts of three separate juries, etc. It is contended that the three common-law actions now pending should be consolidated in this equitable action, and that Heyward, Bynum, Knight, and LeCraw should be required to set forth whatever rights they seek or contend for in the common-law actions in response to this equitable action, in order to avoid a multiplicity of actions and unnecessary expense, etc. Heyward and Bynum have received all the money, except certain expenses of litigation, that was paid into court by the Georgia Railway & Power Company by virtue of the verdict and judgment in the condemnation proceeding. Petitioner did not take from the amount of the verdict and judgment any money paid into court by the Georgia Railway & Power Company, and has not appropriated any of said verdict and judgment, or money paid into court thereon, to its own use. At the time of filing its plea, referred to above, the verdict in the condemnation proceedings had been rendered in Rabun superior court.

The prayers of the petition are, that temporary restraining order be granted to prevent Heyward and Bynum from proceeding to try the pending complaint on the note referred to, and from proceeding to try either of the foreclosure proceedings referred to; to enjoin the sheriff from proceeding to sell the property levied on; that the three pending actions be consolidated; that Heyward, Bynum, Knight, and LeCraw be required to set forth whatever rights they seek or contend for in the common-law actions, in their answers to this equitable action; that they be enjoined from selling or otherwise disposing of the notes or mortgages or any interest they may have therein; that on the final hearing of the case the parties last named be enjoined from proceeding with the trials of the cases referred to; "that in the event it shall be determined by the court or jury, or both, that petitioner is not entitled to its alleged damages which it has hereinbefore elected to

take by reason of the breach of the covenant of warranty contained in said deed from B. C. Heyward to petitioner, as alleged in the foregoing petition, then, in that event, that petitioner by judgment and decree of this court be entitled to a credit of $20,000, the amount of damages awarded for the condemnation of said property, and consequential damages thereto, by said Georgia Railway & Power Company, which was conveyed to your petitioner by said B. C. Heyward, as of date when said amount was paid into Rabun superior court by said Georgia Railway & Power Company."

Heyward and Bynum demurred upon the grounds, that "the facts alleged in said petition do not set forth a cause of action either in equity or in law;" and that "the alleged facts are insufficient to set out a cause of action to authorize a court of equity to grant equitable relief or to authorize a court of equity to grant the relief prayed for by defendant." At the hearing the court passed the following order: "The hearing of this demurrer coming on to be heard under orders and agreement,—after argument and consideration of the same on considering paragraphs one and two of the demurrer, said grounds are sustained in so far as injunctive relief is prayed, and so far as claimed right to injunction is concerned against the suits in Rabun County the demurrer is sustained and said suits allowed to proceed, and petition so far is dismissed." To this judgment the plaintiff excepted.

*J. C. & H. E. Edwards,* for plaintiff.

*Thad. L. Bynum* and *Charters & Wheeler,* for defendants.

BECK, P. J. (After stating the foregoing facts.)

1. A motion to dismiss the bill of exceptions is made in this court, upon the ground that "It appears upon the face of the bill of exceptions that the judgment complained of was not a final disposition of the cause in the court below, and that the cause is still pending in the trial court." There is no merit in this ground of the motion. In part the petitioner sought injunction upon grounds stated in its petition. The prayer for injunction and injunctive relief was denied, in effect, by the order passed when the court sustained the demurrer "in so far as injunctive relief is prayed." In the case of *Booth* v. *State,* 131 *Ga.* 750, 756 (63 S. E. 502), it was said: "It is difficult sometimes in actions on the equity side of the court, especially in cases of receivership, to determine whether an order is administrative in its character, resting in the sound discretion of the chancellor, or final in its

nature. To be final it does not necessarily mean that the judgment disposes of the entire case. A judgment may be rendered separable from a judgment disposing of the entire case, and yet be a judgment that is final as to some of the substantial rights of the parties as contended for in their pleadings. It is final when, as to the subject-matter of the judgment, any of the substantial rights of the parties litigant are finally settled by the judgment. It then fails to be merely an administrative order, lying in the discretion of the court, and open for modification at any time." One of the main objects and purposes of the petition filed in this case was to secure an injunction. The judgment of the court sustaining the demurrer in so far as injunctive relief was sought was a refusal of the injunction.

The motion to dismiss is also based upon the further ground that no person is named as defendant in error in said bill of exceptions. The bill of exceptions is sued out by the plaintiff. It clearly appears who were the defendants in the court below. The judgment upon the demurrer was adverse to the plaintiff, and all the other parties named have an interest in upholding that judgment. It further appears that these parties were served with the bill of exceptions; and this court is of the opinion that the parties defendant are sufficiently indicated. The motion to dismiss is therefore overruled.

2. We are of the opinion that the court erred in rendering the judgment excepted to, which judgment, as ruled above, denies the injunctive relief, but in effect retains the suit in so far as it sets up counter-claims against Heyward and a defense to certain suits and procedures to foreclose mortgages instituted by Heyward and Bynum, and claims for damages against Heyward, and the right to a set-off against the notes and mortgage given to Heyward. The other defendants in this case, who were residents of Rabun County, have instituted suits upon assignments of the notes or portions of the notes which had been originally given to Heyward for the purchase-money of the land in controversy; and it is charged that at the time these assignments were made and accepted the assignees took under such circumstances as affected them with full notice of the equities of petitioner and of the facts and circumstances upon which petitioner claims the right to a set-off and to a final judgment against Heyward, not only as to the amounts of the notes, but for damages in excess of these amounts. Man-

ifestly the rights of the assignees of an interest in the notes are intimately related to Heyward's right to proceed in the foreclosure of the mortgage held by him, which was given to secure the payment of the purchase-money notes. Consequently all these defendants were properly joined in this equitable action, so that in one suit the conflicting rights may be settled and the entire controversy ended by one verdict.

*Judgment reversed. All the Justices concur.*

### ON REHEARING.

Additional portions of the record, which are not referred to or in any way indicated in the bill of exceptions, are brought here as a part of the motion for a rehearing; and the court is of the opinion that they come too late for consideration by this court.

*Judgment adhered to.*

RUSSELL, C. J., dissenting. I am of the opinion that the motion for rehearing is meritorious. Furthermore, upon a careful consideration of the case since the application for rehearing, I have become convinced that the judgment of the trial court should be affirmed.