RABUN MINERAL & DEVELOPMENT CO. *v.* HEYWARD *et al.*

No. 7745. October 16, 1930.

*J. C. & H. E. Edwards,* for plaintiff.

*Wheeler & Kenyon, John E. Frankum, Dean & Wright, H. H. Perry, J. F. Ramey,* and *Thad L. Bynum,* for defendants.

GILBERT, J.  The case was previously here on a ruling on demurrer.  For a full statement of the averments of the petition see 163 *Ga.* 399 (136 S. E. 272).  Upon the return of the case to the trial court, the auditor appointed took the testimony and made report of his findings.  Except in one respect only, the report of the auditor was confirmed and made the judgment of the court.  The present bill of exceptions contains six assignments of error, one of which is based upon a refusal of the court to recommit the case to the auditor, the others being based upon the overruling of exceptions to the report of the auditor, and in entering final decree.  The litigation involves four suits.  In three of these, brought on the law side of Rabun superior court, Rabun Mineral & Development Company was the defendant.  The fourth was an equitable action in Habersham superior court, and the persons appearing as plaintiffs in the suits at law in Rabun superior court, with others, were defendants.  The three suits at law in Rabun were consolidated with the suit in equity in Habersham County, and the auditor was authorized to hear and determine all issues of law and fact and to settle all questions arising on the pleadings.

Heyward had contracted to buy from Graves a tract of about 900 acres of land known as the "Smith gold mine."  Part of the purchase-money to be paid by Heyward was secured by mortgage to Graves.  The purchase-price was not paid, and possession of the land was surrendered to Graves.  On October 26, 1914, after surrender of possession, Graves and Heyward joined in a lease to Robert Frame of so much of the land as was "suitable for mining purposes."  This lease provided for the payment by Frame to Graves of a proportion of the gold and other mineral taken, until the amount of Heyward's indebtedness to Graves should have been discharged, and that Graves should then surrender the evidences of such indebtedness.  On November 14, 1917, Heyward made to J. D. Johnston and Robert Frame a lease of "all his interest in said land (subject to the rights of said Graves) for such length of time" as Johnston and Frame should "continue to mine."  This lease re-

ferred to the lease which had been made by Graves and Heyward, and provided that after payment to Graves of the money called for by that lease Johnston and Frame should pay to Heyward a pro-. portion of the net profit arising from the mining operations. On January 15, 1918, Frame and Johnston assigned to Rabun Mineral & Development Company all the rights and privileges under both the leases above mentioned. On February 23, 1921, Johnston and Frame made a similar assignment, reciting as the reason therefor that the execution of the first assignment was defective.

On September 1, 1919, Georgia Railway & Power Company instituted proceedings to condemn 86.2 acres of land included within the tract covered by the leases and the deed from Heyward to Rabun Mineral & Development Co. In this proceeding there was an award by the assessors of $7500 to Heyward. This money was paid into court. On appeal taken by Heyward in the condemnation proceeding, the jury returned a verdict for $20,000. On February 10, 1920, Heyward conveyed to Rabun Mineral & Development Co., by deed containing a general covenant warranting the title, the land covered by the leases referred to. At the same time that company made to Heyward a mortgage covering the land to secure a balance of $33,000 unpaid purchase-money, represented by promissory notes. Certain interests in these notes were assigned by Heyward to Bynum, Knight, and LeCraw.

The three suits at law all proceeded upon portions of the indebtedness of Rabun Mineral & Development Company on account of the purchase-money, the purpose of one of them being the foreclosure of the mortgage given by Rabun Mineral & Development Company to secure the purchase-money. The purpose of the suit in equity in Habersham superior court was to restrain by injunction further proceedings in the three suits at law, and to recover on account of the alleged breach of warranty of title the value of the 86.2 acres condemned by Georgia Power Company, also $6000 alleged to be the value to petitioner for gold-mining purposes of ten acres lying adjacent to the 86.2 acres, the working of which will be made impossible by reason of back water resulting from the flooding of the 86.2 acres. The petition alleged that the $7500 awarded by the assessors in the condemnation proceedings and which had been paid into court was removed, without the knowledge of Rabun Mineral & Development Company, by Heyward and

Bynum, pending the appeal taken by Heyward; and that the value of the 86.2 acres for gold-mining purposes was in excess of $600,000, an amount very much greater than the indebtedness of Rabun Mineral & Development Company on account of the purchase-money. By the petition it was sought to recover the amount alleged as the value of the land for gold-mining purposes, after deduction of the balance due on the purchase-money; but the only prayer for relief, in so far as damages are concerned, is in the following language: "in the event it shall be determined by the court or jury, or both, that petitioner is not entitled to its alleged damages, which it has hereinbefore elected to take by reason of the breach of the covenant of warranty contained in said deed from B. C. Heyward to petitioner, as alleged in the foregoing petition, then in that event that petitioner be by judgment and decree of this court entitled to a credit of $20,000, the amount of damages awarded for the condemnation of said property, and consequential damages thereto, by said Georgia Railway & Power Company, which was conveyed to your petitioner by said B. C. Heyward, as of date when said amount or amounts was paid into Rabun superior court by said Georgia Railway & Power Company." Rabun Mineral & Development Co. was a party to and represented by counsel in the condemnation proceeding, and from the amount found by the jury the court, in that proceeding, provided by order that $6788.18 should be paid to such counsel; that expenses of the litigation amounting to $600, and $56.64 costs of court, should be paid. The total amount paid in by Georgia Railway & Power Company (including, of course, the $7500 awarded by the assessors in the condemnation proceeding) was $20,364.56, the $364.56 representing interest accruing on the amount found by the jury between the time of such finding and the payment thereof.

The auditor found that the three common-law suits should be permanently enjoined, and that all the issues therein should be adjudicated in the equitable action in Habersham County; also that the mortgage should be foreclosed, and that Heyward, and those to whom Heyward had assigned portions of the purchase-money notes (Knight and LeCraw as a partnership, and Bynum) should have a lien upon the property for specified portions of the purchase-money, with interest, attorney's fees, and court costs. As to Rabun Mineral & Development Co. he found, that, of the

$20,364.56 paid by Georgia Railway & Power Company as a result of the condemnation proceeding, there should be credited on the purchase-money due by Rabun Mineral & Development Company the sum of $12,919.74. This amount was arrived at by deducting from the total of $20,364.56 paid by the Power Company in the condemnation proceeding $6788.18 allowed by the court in the condemnation proceeding to counsel who represented the Development Company, and also by deducting $600 allowed on account of expenses and $56.64 costs of court. The single instance in which the court did not confirm the report of the auditor was that the auditor found that there existed between Knight and LeCraw a partnership, and the finding of the auditor in their favor was made accordingly; whereas the decree of the court as to this feature of the case was in favor of Knight alone, and against the existence of a partnership between Knight and LeCraw. There was direct evidence to support this ruling of the court. Just how the item of $600 on account of expense in the condemnation proceeding was made up is not shown by the record, but it does appear that it was agreed upon by counsel representing the parties in the condemnation proceeding at the time the order of court allowing the same was made.

Defendants in error, Heyward and Bynum, insist (1) that condemnation of property under the power of eminent domain will not operate as a breach of covenant of general warranty; and (2) that because of having participated in the condemnation proceeding and having accepted benefits under that proceeding, that is, the sum allowed on account of expense in that litigation and the allowance of fees to its counsel, plaintiff in error is forever estopped from taking any position inconsistent therewith. The contention of plaintiff in error is that because the equitable petition in Habersham County alleged the value of the land for gold-mining purposes and a breach of the covenant of title, and laid its claim for damages thereon, and because the defendants below demurred generally to the petition on the ground that it did not state a cause of action at law or in equity, and because the trial court, in passing on the demurrer, made the following order: "The hearing of this demurrer coming on to be heard under orders and agreement, after argument and consideration of the same, on considering paragraphs one and two of the demurrer, said grounds are sustained

in so far as injunctive relief is prayed; and so far as claimed right to injunction is concerned against the suits in Rabun County, the demurrer is sustained and said suits allowed to proceed, and petition so far as dismissed," adjudicating the fact that the petition did set out a cause of action at law for damages on account of the alleged breach of covenant, and because the defendant did not, within the time fixed, appeal from the adjudication so made, and because the Supreme Court, in passing on the appeal taken by the plaintiff from the ruling of the trial court in sustaining the demurrer, reversed the judgment of the trial court, stating that "it was error, under the facts alleged, for the court to refuse the injunctive relief," the law of the case as to the right of petitioner to proceed for damages on account of the alleged breach of covenant has become settled.

As stated, the case was formerly before this court. The question then was whether the court erred in the judgment sustaining two paragraphs of the demurrer to the petition. The court did not expressly rule on other portions of the demurrer. It would be straining the law to hold that failure of the trial judge to rule on other portions of the demurrer was tantamount to a judgment overruling those portions. It must be conceded that authorities may be cited which appear to support such a view. Whether that is true or not, the "law of the case" was not fixed by what has heretofore been adjudicated by this court, as construed by plaintiff in error. Even if a failure to expressly rule on other portions of the general demurrer to the petition is so construed as to be tantamount to a judgment overruling the demurrer, such construction does not mean that the petition sets out a cause of action for all purposes sought. It is a familiar principle that a general demurrer will not be sustained where the petition sets out a cause of action for any part of the relief sought. A proper construction of the decision of this court is that the petition set out a cause of action entiting the petitioner to enjoin the several common-law suits pending in Rabun County, and to have the counter-claims between the petitioner in the equitable suit and the several plaintiffs in the common-law suits all adjudicated in the one equitable suit filed in Habersham County. Technically speaking, the plaintiff in error in this case makes a strong argument that this court would not have reversed the judgment in respect to in-

junctive relief, if the petition had not set out a cause of action for purposes other than the mere adjudication of the common-law suits in Rabun County; and that the court, if there had been no other reason, would have allowed the plaintiffs in the common-law suits to proceed. However that may be, as a matter of fact this court did not rule, and did not intend to rule, that the condemnation proceedings under the State's authority of eminent domain would constitute a breach of the warranty in the deed. The decision when the case was here before may have been unduly favorable to Rabun Mineral & Development Company. It may have given to that company the benefit of requiring all the common-law suits to be adjudicated in one action instead of defending a multiplicity of suits, when they were not strictly entitled to that advantage. But there were counter-claims brought about by reason of the unauthorized withdrawal of some of the funds paid into court in the condemnation proceeding, and by reason of the fact that other portions of such fund had been paid out under order of the court for attorney's fees and expenses. We now hold that the petition set out no cause of action for a breach of the warranty by reason of the condemnation proceedings.

"A covenant of general warranty relates only to the title, and, as a general rule, only to the title as it existed at the time the covenant was executed." *Finn* v. *Lifsey,* 169 *Ga.* 599 (150 S. E. 908). Every purchaser of land, whether under a warranty of title or otherwise, takes the same subject to the exercise of the right of eminent domain. 2 Devlin on Real Estate (3d ed.), 1728, § 923 and cit. That is the crux of this entire lengthy proceeding. The auditor held that there was a breach, but limited the recovery for such breach to the amount of money awarded in the condemnation proceedings and paid into court by the condemnors. The Rabun Mineral & Development Company, as holder of the title to the property under the warranty deed, was entitled to the full sum awarded as damages, and paid by the Georgia Railway & Power Company. *Fulton County* v. *Amorous,* 89 *Ga.* 614 (3) (16 S. E. 201). In this proceeding it was properly applied on the purchase-money notes which it owed the vendor. That is the final effect of the ruling of the auditor, which was approved by the trial judge. In effect it was a decree responsive to the prayer of the Rabun Mineral & Development Company, that, "in the event it shall be

determined by the court or jury, or both, that petitioner is not entitled to its alleged damages which it has hereinbefore elected to take by reason of the breach of the covenant of warranty contained in said deed from B. C. Heyward to petitioner, as alleged in the foregoing petition, then in that event that petitioner be by judgment and decree of this court entitled to a credit of $20,000, the amount of damages awarded for the condemnation of said property, and consequential damages thereto, by said Georgia Railway & Power Company, which was conveyed to your petitioner by said B. C. Heyward, as of date when said amount or amounts was paid into Rabun superior court by said Georgia Railway & Power Company." It is useless to remand the case for another trial, where the result must be the same, though reached by a different route. There is some argument to the effect that portions of the fund paid into court by the condemnors did not find its way into the hands of the Rabun Mineral & Development Company; but the auditor found, and the trial judge approved such finding, that these funds were paid to counsel conducting the case for the condemnees and for expenses of such proceeding, and that this was equivalent to payment to the condemnee. This finding was not unauthorized. The Rabun Mineral & Development Company was a party to the condemnation proceeding; and when an appeal was taken to the superior court from the first condemnation award, it was taken for the use of the Rabun Mineral & Development Company. When the whole present proceeding is summed up, we think that the final result is in accord with the law and equity of the case. In such circumstances, it would be worse than useless to enter upon a discussion of the many collateral issues raised in the very large record. None of these could change the result. Accordingly the judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurring specially. At the former appearance of this case (*Rabun &c. Co. v. Heyward*, 163 *Ga.* 398, supra) I dissented from the judgment of reversal. For the same reasons that then influenced me, I concur in the judgment in this case. Under the circumstances disclosed by the record, the Rabun Mineral Company, after having received the benefits of the entire payment of $20,000 awarded in the condemnation of this tract of land, should be estopped. The present judgment of affirmance is based

330

upon a different principle. I express no opinion at this time (and withhold my judgment) upon the question as to whether the exercise of the right of condemnation may preclude a landowner from proceeding against his grantor for breach of warranty of title, due to a deficiency in the land which the grantor conveyed by warranty deed.