### T. M. BLAND v. INTERNATIONAL HARVESTER COMPANY.

(Filed 29 September, 1915.)

**1. Contracts, Written—Parol Evidence.**

A contract that the law does not require to be in writing may partly be in writing and partly rest by parol, but parol evidence is not permissible to vary or contradict the written part.

**2. Contracts—Vendor and Purchaser—Warranty—Principal and Agent.**

A written contract or sale of a thresher and engine, containing the warranty that they are well made, of good material, and durable with proper care, and that representations made by any one as an inducement of purchase will not be binding upon the vendor, does not by its terms or implication extend the warranty to include that the engine will successfully operate plows; and any verbal representations made by the seller's agent at the time, or thereafter, without the ratification of the principal, are incompetent as evidence.

**3. Contracts—Warranty—Conditions—Compliance.**

Where a sale of merchandise is made under a certain warranty, specifying that the purchaser shall give the goods three days trial, and should they fail to fulfill the warranty, written notice shall be given at once to the seller or his agent, it is the duty of the purchaser to give the required notice within a reasonable time in the event of a breach of warranty.

**4. Contracts—Warranty Implied—Value.**

In an action for breach of warranty of the goods sold, the principle that there is an implied warranty that the goods shall be of some value has no application when it appears that the purchaser uses them for the purposes for which he purchased them. *Furniture Co. v. Mfg. Co., ante,* 41, cited and distinguished.

APPEAL by plaintiff from a judgment of nonsuit by *Bond, J.,* at May Term, 1915, of CHATHAM.

*A. C. Ray and A. A. F. Seawell for plaintiff.*
*R. H. Hayes, H. A. London, and F. W. Bynum for defendant.*

CLARK, C. J.   There is no allegation in the complaint of mutual mistake, or of fraud on the part of the defendant.   The plaintiff relies upon certain verbal warranties which he alleges were made by the sales agent of the defendant, and not upon breach of any of the warranties in the written contract set out in the record, marked Exhibit I.   This contract was put in evidence by the plaintiff himself.

This printed contract in large letters has at its head these words: "Order for thresher, attachments, engine."   Nothing is said therein, either in the headline or in the body of the contract, as to the engine being used for plowing.   The warranty therein is, "Said thresher, attachments, and engine to be well made, of good material, and durable with proper care, and to do good work if properly operated by competent persons with sufficient power, and the printed rules and directions of the manufacturer are intelligently followed."   The plaintiff testified that he was satisfied with the engine so far as threshing was concerned, and that he still has the engine and has been using it for various purposes.   His only complaint is that plowing cannot be satisfactorily done with the plows used by him, which he did not buy from the defendant, but from the Avery Company.

The printed contract says: "No representation made by any person as an inducement to give and execute within order shall bind the company."   The plaintiff relies entirely upon certain alleged verbal representations made to him by a sales agent of the defendant.   In a late case this Court said that parties to the contract are "not only held to the terms of the contract deliberately entered into, but are not permitted to contradict or vary its terms by parol evidence, as the 'written word abides' and must be considered as the only standard by which to measure the obligation of the respective parties to the agreement, in the absence of fraud or mistake."   *Guano Co. v. Live-stock Co.,* 168 N. C., 447, and cases there cited.

In *Piano Co. v. Strickland,* 163 N. C., 251, the Court also said: "There was no evidence of authority upon the part of the agent to waive the provisions of the contract and to make the oral agreement."

The plaintiff in this case did not offer to return the engine or any part thereof, as required in the printed contract, but still has it and is using it for various purposes.   If the engine did not come up to the warranty in the printed contract, it was the duty of the plaintiff to return it or

tender its return to the defendant within a reasonable time.  *Parker v. Fenwick,* 138 N. C., 209 ; *Mfg. Co. v. Lumber Co.,* 159 N. C., 508.

The stipulation in the printed contract is as follows :  "If, after three days trial by the purchaser, said property shall fail to fulfill the warranty, written notice thereof shall at once be given to the said company at the Harvester Building, Chicago, Ill., and also to the agent through whom the same was purchased, stating therein wherein it failed to fulfill the warranty."  The plaintiff admits that no written notice was given either to the company at Chicago or to the agent through whom he bought, and that such agent told him at the time of the purchase that the company would sell "only by their regular printed contract," and thereafter another agent came to him and presented the written contract, which he signed. · The conversation with another agent of the defendant which he alleges as a waiver occurred, according to his evidence, after he had signed the printed contract and after the engine had arrived, and there is no evidence tending to show that such agent had authority to waive the terms of the printed contract already signed nor that such statement was reported to the company and ratified by it.

The court correctly told the jury, "Since the contract was received by the defendant and the property shipped in obedience thereto, the contract was complete, and no conversation or statement made by any agent of the company after that date could be heard to contradict or vary in any way the terms of the written contract, as the .printed contract specially provides."  The purpose of a traction engine is to generate and furnish power.  How that power is to be applied is a different matter.  On the face of this contract it was contemplated that it should be used for threshing, and the plaintiff admits that it was satisfactory for that purpose.  The defendant did not furnish plows nor contract that the tractor should do plowing.  Whether it should be satisfactory for that purpose must depend largely upon the nature of the plows used and the method adopted for their use.  This was not within the terms of the contract, and there being no allegation or proof of fraud or mistake, the court properly directed a nonsuit.  *Furniture Co. v. Mfg. Co., ante,* 41, is not in point, because the engine is not devoid of value, but, on the contrary, useful for threshing and other purposes, and is still in use · by the plaintiff.

It is true that when a contract is not required to be in writing, and is only partly in writing and partly verbal, the latter part can be shown by parol evidence.  *Nissen v. Mining Co.,* 104 N. C., 309.  But this principle does not justify contradicting the part in writing by oral testimony, nor does it authorize verbal agreement by agents when such additional agreements are forbidden by the written contract and the agent is not shown to have authority, either specially or by the nature of his employment as a general agent (*Gwaltney v. Assurance Society,* 132 N. C., 925 ;

*s. c.,* 134 N. C., 552), to alter or vary it, and there is no proof that the modification of the contract by the agent was reported to the company and ratified.

The judgment of nonsuit is

· Affirmed.