## 26171. DAVEY *et al. v.* TURNER.

DECIDED MAY 15, 1937.

*Winfield P. Jones,* for plaintiffs in error.

*Gordon M. Combs, Burress & Dillard,* contra.

FELTON, J. Mrs. Virginia H. Turner brought this action against James F. Davey and A. W. McCormack, alleging in substance as follows: McCormack is the owner of a certain house on First Avenue in the City of Atlanta, Georgia, and is engaged in the business of installing plumbing fixtures, gas heaters, etc. McCormack had Davey furnish and install in said house a Rex No. 20, coil gas heater. When in operation said Rex heater creates monoxide gas; said gas is not easily and readily detected, is odorless, invisible, and very dangerous. Properly to install a Rex coil heater, as described in the petition, a vent should be provided to carry away the monoxide gas created by the operation of the heater, so that the gas would not remain in the house and thereby injure persons therein. In installing said heater Davey did not provide it with a vent to carry off the monoxide gas, but so left the heater that monoxide gas created by the use of the heater would escape into the building, and more particularly that part known as the kitchen. McCormack kept and maintained said premises with the heater installed therein without a vent to carry away the monoxide gas, and he rented the premises to Ralph Hendry for a home for himself and family. Essie Mae Turner, the single daughter of the plaintiff, was employed by Hendry to work in and about said home as a domestic servant, and on or about October 10, 1935, she was working in the kitchen where the heater was installed, kept, and maintained, and had with her in the kitchen Hendry's child of two years. The doors and windows of the kitchen were closed because of the cold weather, the heater was in use, and monoxide gas created by the use of the heater escaped into the room where petitioner's daughter and the child were, and because of the lack of a vent to carry it out the daughter and the Hendry child were rendered unconscious thereby, and fell to the floor of the kitchen, and petitioner's daughter died as the result of her inhaling the monoxide gas created by the heater in the operation thereof. Petitioner's daughter did not know of the presence of the monoxide gas in the house, nor did she know that the stove was creating it. Davey was negligent in not providing the heater with a vent with which to carry off the monoxide gas created when the heater was in operation. McCormack was

negligent in not inspecting the heater to see if it had the necessary vent on it to carry off the said gas, and was negligent in keeping and maintaining the house as a residence for human beings to use and stay in, with said heater installed without a vent, and was negligent in renting the house to Hendry with the heater so installed, and so maintained as a residence for himself and family and for those working for him to occupy. Both defendants were negligent in not warning petitioner's daughter of the manner of installation and maintenance, or that there was not a vent to carry off the monoxide gas; etc.

To this petition both defendants filed special demurrers setting forth that there was a misjoinder of parties defendant, and also general demurrers. To the order overruling these demurrers the defendant excepted.

1. The special demurrer for misjoinder of parties defendant was properly overruled. The petition alleges the creation and maintenance of a nuisance. The duty not to create a nuisance by which third persons may be injured, and the duty not so to maintain one, exist independently and outside of contracts. It is only on this theory that a joint action could be maintained, and the party creating the nuisance and the party maintaining it are certainly joint tort-feasors as to an injury which is the direct and natural consequence of these acts. The duties of a landlord to a tenant are only incidentally involved in this case, and the relationship is pleaded for the purpose of showing that the injured person was legally and rightfully on the premises. Ordinarily "an independent contractor is not liable for injuries to a third person, occurring after the contractor has completed the work and turned it over to the owner or employer and the same has been accepted by him, though the injury result from the contractor's failure to properly carry out his contract. . . There are some modifications of this rule. Among them are cases where the work is a nuisance per se, or where it is turned over by the contractor in a manner so negligently defective as to be imminently dangerous to third persons." *Young* v. *Smith & Kelly Co.*, 124 *Ga.* 475 (52 S. E. 765, 110 Am. St. R. 186, 4 Ann. Cas. 226). No question of the alienee of a nuisance is involved.

2. The allegations of the petition, taken as true on demurrer,

set forth a cause of action against both defendants, and there was no error in overruling the general demurrer thereto.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*