31811. MOODY *v.* MARTIN MOTOR COMPANY.

DECIDED JANUARY 13, 1948. REHEARING DENIED FEBRUARY 14, 1948.

458

*Dan S. Cowart, C. L. Cowart,* for plaintiff.
*R. L. Dawson, Hamilton Douglas,* for defendant.

FELTON, J.   Code § 105-106 provides: "No privity is necessary to support an action for a tort; but if the tort results from the violation of a duty, itself the consequence of a contract, the right of action is confined to the parties and privies to that contract, except in cases where the party would have had a right of action for the injury done, independently of the contract."   This is a codification of the common law.   "It is the orthodox and traditional general rule that a manufacturer or packer of a defective article is not liable for injuries to the person or property of an ultimate consumer who has purchased from a middleman, unless the article was inherently dangerous to life or property,—at least where the wrongful act or acts were not known at the time—upon the theory that there is no contractual relation between the parties."   140 A. L. R. p. 192, Note II.   Many so-called exceptions have been made to the rule stated in the Code section above.

See annotation in 140 A. L. R. 191, and previous ones referred to therein. Manufacturers have been included in these exceptions. *Simmons* v. *Hardin*, 75 Ga. App. 420 (43 S. E. 2d, 553), and cases and texts cited. Restatement of the Law of Torts, Vol. II, p. 1039, § 388, states: "One who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be in the vicinity of its probable use; for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier (a) knows, or from facts known to him should realize, that the chattel is or is likely to be dangerous for the use for which it is supplied; (b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so. Comment (a) The words 'those whom the supplier should expect to use the chattel' and the words 'a person for whose use it is supplied' include not only the person to whom the chattel is turned over by the supplier but also those who are members of a class whom the supplier should expect to use it or occupy it or share in its use with the consent of such person, irrespective of whether the supplier has any particular person in mind. Thus, one who lends an automobile to a friend and who fails to disclose a defect, of which he himself knows and which he should recognize as making it unreasonably dangerous for use, is subject to liability not only to his friend but also to any one whom his friend permits to drive the car or chooses to receive in it as passenger or guest if it is understood between them that the car may be so used. So too, one entrusting a chattel to a common carrier for transportation must expect that the chattel will be handled by the carrier's employees. . Comment (b) This Section states that one who supplies a chattel for another to use for any purpose is subject to liability for bodily harm caused by his failure to exercise reasonable care to give those whom he may expect to use the chattel any information as to the character and condition of the chattel which he possesses and which he should recognize as necessary to enable them to realize the danger of using it. A fortiori, one so supplying a chattel is

subject to liability if by word or deed he leads those who are to use the chattel to believe it to be of a character or in a condition safer for use than he knows it to be or to be likely to be. Illustration 1. A sells to B a shotgun which B states is to be given to his son C as a birthday present. A tells B that the gun is made by the S Company whose product is known to be of the highest character. A knows that the gun is made by the Y Company, which notoriously puts out an inferior gun. B gives the gun to C. While C is using the gun it explodes because of defective construction. A is liable to C for the harm which C sustains. Comment c. Persons included as 'suppliers.' The rules stated in this Section and throughout this Topic apply to determine the liability of any person, who for any purpose or in any manner gives possession of a chattel for another's use or who permits another to use or occupy it while it is in his own possession or control, without disclosing his knowledge that the chattel is dangerous for the use for which it is supplied or for which it is permitted to be used. It, therefore, applies to vendors, lessors, donors, or lenders irrespective of whether the chattel is made by them or a third person. It applies to all kinds of bailors irrespective of whether the bailment is for use, transportation, safekeeping or repair. It applies also to one who undertakes the repair of a chattel and who delivers it back with knowledge that it is defective because of the work which he is employed to do upon it (See § 403). It applies also to anyone who permits another to use or share in the use of a chattel while it is in his own possession or control. It, therefore, applies to determine the liability of one who drives another in an automobile either as a passenger or guest, in so far as the harm which the other sustains is caused by the dangerous condition of the automobile and not by the manner in which it is operated. (d) One supplying a chattel to be used or dealt with by others is subject to liability under the rule stated in this Section, not only to those for whose use the chattel is supplied but also to third persons in whose vicinity the supplier intends or should expect it to be used. . . . (f) As pointed out. . the phrase 'subject to liability' is used to indicate that the person whose conduct is in question is liable, if, but only if, there also exist the other conditions necessary to liability. The person using the chattel may

disable himself from bringing an action either by his contributory negligence in voluntarily using the chattel with knowledge of its dangerous condition or by his contributory negligence in failing to make a proper inspection which would have disclosed the defect or in failing to use the precautions obviously necessary to the safe use of the chattel." Further, in Restatement of the Law of Torts, p. 1053, § 389, it is stated: "One who supplies directly or through a third person a chattel for another's use knowing that the chattel is unlikely to be made reasonably safe before being put to a use which the supplier should expect it to be put, is subject to liability for bodily harm caused by such use to those whom the supplier should expect to use the chattel or to be in the vicinity of its probable use and who are ignorant of the dangerous character of the chattel or whose knowledge thereof does not make them contributorily negligent, although the supplier has informed the other for whose use the chattel is supplied of its dangerous character." In § 403, *ibid.*, this rule is stated: "One who as an independent contractor makes, rebuilds, or repairs a chattel for another and turns it over to the other knowing that his work has made it dangerous for the use for which it is turned over is subject to liability as stated in §§ 388 and 390." Section 404 states: "One who as an independent contractor negligently makes, rebuilds or repairs a chattel for another is subject to the same liability as that imposed on negligent manufacturers of chattels under the rules stated in §§ 395 to 398." See cases cited under §§ 403 and 404 in Restatement in the Courts (Perm. Vol.) 1932-1944, p. 717-8.

As is seen from the foregoing, the same liability which applies to a manufacturer applies to an independent contractor who repairs an article or machine. In McPherson *v.* Buick Motor Co., 217 N. Y. 382 (111 N. E. 1050, L. R. A. 1916F, 696, Ann. Cas. 1916C, 440), the court said: "We have put aside the notion that the duty to safeguard life and limb, when the consequences of negligence may be foreseen, grows out of contract and nothing else. We have put the source of the obligation where it ought to be. We have put its source in the law." To us that means that an independent contractor owes an original duty, before any contract is made, not to endanger the lives and limbs of others by the negligent performance of a contract, when the consequences

of such conduct may be foreseen. The liability then, is consonant with the Code and the common law and is not an exception. See also 27 Am. Jur., p. 535, 536, § 56; *Davey* v. *Turner,* 55 *Ga. App.* 786 (191 S. E. 382); *Young* v. *Smith & Kelly Co.,* 124 *Ga.* 475 (52 S. E. 765, 110 Am St. R. 186, 4 Ann. Cas. 226). We think that the petition sets forth a cause of action as against a general demurrer. Whether the plaintiff is barred by his own negligence or whether the defendant is insulated from liability by reason of the fact that the owner of the truck discovered the defects and did not warn the plaintiff, are matters which also cannot be determined from the pleadings before us. The action is in tort and is not subject to the general or special demurrers.

The court erred in sustaining the demurrer and dismissing the action.

*Judgment reversed. Sutton, C. J., and Parker, J., concur.*