DONALD MELLEN ET AL. v. THE HARTFORD GAS
COMPANY ET AL.

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE No. 53453

Memorandum filed February 15, 1952.

*Cole & Cole,* of Hartford, for the Plaintiffs.

*Ribicoff, Ribicoff & Kotkin,* and *Robinson, Robinson & Cole* and *Frank Z. Grobard,* all of Hartford, for the Defendants.

COTTER, J.    Plaintiffs, husband, wife and child, sue in negligence for damages for personal injuries caused by a defective gas-fired furnace in a house recently purchased from the

defendant National Home Builders, Inc. The Hartford Gas Company and the Standard Sheet Metal Works, Inc., are also as codefendants.

The defendant National Home Builders, Inc., vendor of the house, demurs on the ground that the complaint alleges it had sold the property and had no control over it at the time of the injuries.

There is no implied warranty on the sale of real estate. A seller of real estate cannot be held liable for the defective condition of the premises. *Combow* v. *Kansas City Ground Investment Co.*, 358 Mo. 934, 938, 8 A. L. R. 2d 213; 4 Williston, Contracts (Rev. Ed.) § 926. The general rule in Connecticut, for instance, even as to a lessee is that he takes the risk of conditions in the leased premises. There is no warranty on the part of the landlord. The lessee takes exclusive possession of the premises and accepts them as they are, so far at least as obvious conditions are concerned. *Aprile* v. *Colonial Trust Co.*, 118 Conn. 573, 577; *Valin* v. *Jewell*, 88 Conn. 151, 156; 32 Am. Jur. 515.

"Whatever may be the reason, no case can be found in the books where the vendor has been held liable in damages to the vendee, or to third persons, for personal injuries arising from defects in the premises. Whether this be on grounds of public policy, or because the rule of *caveat emptor* governs . . . or whether it be because the precedent negotiations are supplanted by the deed when the vendee receives it . . . or whether the reason is to be found in the fact that the delivery of the deed practically terminates the relation of vendor and purchaser, . . . or whether such damages are not supposed to be within the reasonable contemplation of the parties—whatever be the reason, the fact remains." *Smith* v. *Tucker*, 151 Tenn. 347, 362, 41 A. L. R. 830.

Counsel for the plaintiff compared the present situation to Connecticut cases involving the relationship of landlord and tenant, where a landlord may be liable for structural defects the lessee could not discern with reasonable diligence, citing *White* v. *DeVito Realty Co.*, 120 Conn. 331. The relationships have been carefully distinguished. The case at bar does not involve a letting. The defendant has parted with title and possession, and the relationship is not a continuing one such as landlord and tenant, but terminates upon the transfer of possession.

"It must be admitted that there is some justification for considering the two situations as somewhat analogous, for in both there is a transfer at least of physical possession. . . . But the fallacy in the argument is that the two relations arise out of totally different types of transaction and contemplate altogether different types of possession." Note 8 A. L. R. 2d 218, 220.

In a similar case it has been held that no liability rests upon the owner where an ordinance makes him responsible for the proper instalation of a gas heater which caused injuries after he parted with the property. *Mercer* v. *Meinel,* 290 Ill. 395, 401, 8 A. L. R. 351.

"This is an action of tort. If a cause of action is stated, the complaint must show a primary right in the plaintiff invaded by the defendants' wrong. Conduct on the part of the defendants which amounts to a breach of some duty owed by them to the plaintiff must appear in the averments." *Valin* v. *Jewell,* 88 Conn. 151, 153.

The demurrer of the defendant National Home Builders, Inc., is sustained.