34796.  KUHR BROTHERS, INC. *v.* SPAHOS.
34797.  ALTMAN *v.* SPAHOS.
34811.  SPAHOS *v.* KUHR BROTHERS, INC., *et al.*

DECIDED MARCH 9, 1954—REHEARING DENIED MARCH 25, 1954.

*Sullivan & Maner*, for J. S. Spahos.

*Lewis, Wylly & Javetz*, for Kuhr Bros., Inc.

*Emanuel Kronstadt*, for G. G. Altman.

QUILLIAN, J. ▊ The action is one ex delicto and not one ex contractu. While the plaintiff sets out in his petition a copy of the sales agreement between himself and the defendant Altman, which contained the agreement as to the installation of the furnace, he does not predicate his action on a breach of a contract provision or of an express duty undertaken by Altman under the contract. The contract was alleged to show that the plaintiff and Altman stood in the relationship of vendor and vendee, and to show that Altman owed to the plaintiff the peculiar duties owed by a vendor to a vendee, and it is for the violation of one of these peculiar duties which arose by reason of their relation-

ship that the plaintiff sued. *Rushin* v. *Central of Ga. Ry. Co.*, 128 *Ga.* 726 (58 S. E. 357). It is also for this reason that the question of the merger of warranties and covenants in deeds does not arise in this case. The duty sued on has its source in the law and not in the contracts. MacPherson *v.* Buick Motor Co., 217 N. Y. 382 (111 N. E. 1050).

■ ■ Over and beyond the obligation in contracts, it is fundamental that every person owes a duty to exercise ordinary care not to supply by sale, lease, etc., a thing, instrumentality, or building which is so defectively constructed or conditioned as to be imminently dangerous to the person to whom supplied or subject to damages itself by reason of its condition. *Moody* v. *Martin Motor Co.*, 76 *Ga. App.* 456 (46 S. E. 2d 197); Restatement of the Law of Torts, p. 1039, § 388. The pleaded ordinances in this case were passed for the purpose of preventing such catastrophes as the one alleged in this case. The owner of the property and the contractor, it would seem, are the ones upon whom the primary duty of permits and inspections is placed. A purchaser of a house would have a right to assume that the permits had been granted and the proper inspections made. The basic premise is that the owner should procure experts to do the construction work and/or have the work inspected and checked and approved by official experts to render the property safe for use.

■ While ordinarily an independent contractor is relieved of liability where the work contracted for is accepted by the owner, an exception applies when the work is so defectively done as to be imminently dangerous. *Moody* v. *Martin Motor Co.*, supra; *Davey* v. *Turner*, 55 *Ga. App.* 786 (191 S. E. 382); *Young* v. *Smith & Kelly Co.*, 124 *Ga.* 475 (52 S. E. 765, 110 Am. St. R. 186, 4 Ann. Cas. 226); Holland Furnace Co. *v.* Nauracaj, 105 Ind. App. 574 (14 N. E. 2d 339); McCloud *v.* Leavitt Corp., 79 Fed. Supp. 286. In such a case the independent contractor is not exonerated. Neither should the owner be excused, especially under the facts of this case where the permits and inspections were not procured. The owner in such a case cannot relieve himself or his contractor without exercising ordinary care to see that the property can safely be supplied to others for use. To be imminently dangerous, it is not necessary for the article or in-

strumentality to cause damage immediately upon its first use. The nature of the article or instrumentality is the primary consideration in determining whether it is imminently dangerous. We cannot say as a matter of law that, because the furnace installation was completed prior to November 3, 1952, and the plaintiff's house did not burn until January 4, 1953, the furnace installation was not *imminently* dangerous.

The principle above discussed has been applied in this State as to personal injuries. We see no reason why it should not be applied to a case where the breach of duty resulted in loss of property and where, but for the fortuitous working of fate, the loss of life or serious personal injury might have resulted.

The petition alleges that the defendants' individual negligence combined to produce the plaintiff's injuries; therefore the defendants are joint tortfeasors as to the plaintiff, and can be joined as defendants in a single action. *Hopkins* v. *City of Atlanta*, 172 *Ga.* 254 (157 S. E. 473).

The negligence of the defendant Altman did not become the superseding sole proximate cause of the injury because it does not appear that Altman sold the house with actual knowledge of the contractor's negligence. We cannot say as a matter of law that the plaintiff was negligent in not discovering the defect and avoiding the consequences thereof and that such negligence was the sole proximate cause of his injuries, when he had the right to presume that permits had been granted and proper inspections made.

The plaintiff alleged that the flame from the beam or moulding spread through the furnace room to the back bedroom, where the plaintiff's eleven-year-old son was sleeping, and to the entire attic of the house, and that after the flame was discovered, the plaintiff made two attempts to save his son from the smoke and flames in said bedroom before he was able to carry him to safety. The plaintiff further alleges: that the defendants' negligence resulted in agonizing fright and anxiety to the plaintiff, arising out of his fear for the safety of his wife and four small children; that the natural consequence of the shock of such fear was a mental anguish which the plaintiff suffered over the safety and welfare of his family; that the mental anguish and anxiety continues by reason of the concern the

plaintiff still has for the welfare of his children and his wife, who are still suffering from the shock caused by such negligence. Special demurrers to the allegations of mental pain and suffering were sustained, and these allegations were stricken. This judgment is excepted to in the cross-bill of exceptions.

The plaintiff contends that he is entitled to damages for mental pain and suffering, because (1) there was an injury to his "purse," in that he suffered financial loss in the burning of his house; and (2) the defendants' negligence amounted to "recklessness, wantonness, a complete want of care, absolute disregard for the safety of others and a conscious, callous indifference to the consequences of such negligence." Many cases state that a person cannot recover damages for mental pain and suffering in cases where mere negligence is the basis of the action unless there is present an injury to the person or "his purse," or where there is an injury to the person or he suffers "pecuniary loss."

We think that the plaintiff has misinterpreted what is meant by an injury to a person's purse. The probable keystone of our law on this matter is *Chapman* v. *Western Union Telegraph Co.*, 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183). Many cases contain various interpretations and applications of the law as announced in the *Chapman* case. We think that the correct interpretation of this principle is as follows: In cases where mere negligence is relied on, before damages for mental pain and suffering are allowable, there must also be an actual physical injury to the person, or a pecuniary loss resulting from an injury to the person which is not physical; such an injury to a person's reputation,° or the mental pain and suffering must cause a physical injury to the person. *Sappington* v. *Atlanta & W. P. R. Co.*, 127 *Ga.* 178, 181 (56 S. E. 311) ; *Goddard* v. *Watters*, 14 *Ga. App.* 722 (1) (82 S. E. 304) ; *Williamson* v. *Central of Ga. Ry. Co.*, 127 *Ga.* 125 (4a) (56 S. E. 119) ; *Hines* v. *Evans*, 25 *Ga. App.* 829 (105 S. E. 59). We can find but one case in Georgia where a person sought damages for mental pain and suffering in addition to damages to his personal property. In *Davis* v. *Hall*, 21 *Ga. App.* 265 (2) (94 S. E. 274), it was held that, "Where the injury complained of is not a personal tort, but an injury to property, there can be no recovery for mental suffering"; and while the court erroneously based its conclusion

on *Stovall* v. *Caverly*, 139 *Ga.* 243, 246 (4) (77 S. E. 29), we think that the statement of the law is a correct one. See 15 Am. Jur., Damages, § 181, p. 598; 25 C. J. S., Damages, § 68, p. 555. In cases where mere negligence is not relied on, but the conduct complained of is malicious, wilful, or wanton, mental pain and suffering may be recovered without the attendant circumstances mentioned above. *Young* v. *W. & A. R.*, 39 *Ga. App.* 761 (158 S. E. 414): *Atlanta Hub Co.* v. *Jones*, 47 *Ga. App.* 778 (171 S. E. 470); *Dunn* v. *Western Union Telegraph Co.*, 2 *Ga. App.* 845 (3) (59 S. E. 189). While the plaintiff alleges that the defendants' conduct amounted to a wanton disregard of the safety of others, we think that the particular facts alleged do not support that conclusion. It is not alleged that the defendants had actual knowledge that the manner in which the furnace was installed would almost positively result in the burning of the house, and that with this knowledge the defendants with utter disregard for the consequences proceeded to install the furnace in such manner. Since the injury sued for was to property only and the conduct sued upon was not malicious, wilful, or wanton, the court did not err in sustaining the demurrer to the allegations and in striking them.

The court did not err in overruling the general demurrers to the petition, and in sustaining the special demurrers to the allegations of mental pain and suffering.

*Judgments affirmed. Felton, C. J., and Nichols, J., concur.*