STATE v. COLLIS CECIL WILBORN.

(Filed 11 April, 1956.)

**Criminal Law § 52a (3)—**

Circumstantial evidence tending to identify defendant as the perpetrator of the offenses charged, including footprints, and the circumstance that the

car in which the stolen goods were found had been lent to defendant several hours before the offenses were committed, *held* sufficient to sustain conviction.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Johnston, J.,* 7 November, 1955 Criminal Term, FORSYTH Superior Court.

Criminal prosecutions upon indictment charging house breaking, larceny and receiving, and upon warrants charging (1) reckless driving, and (2) failure to stop at the scene of an accident. The evidence disclosed that a storage house located on 4½th Street in Winston-Salem, in which Jack Martin kept automobile tires, was broken into on the night of 13-14 October, 1955, and 18 new tires of the value of $474 were stolen. The defendant at one time had worked for the owner who sold Esso products, including Atlas tires. The defendant was seen at about 2:20 a.m., about two blocks from the storage house. He was wearing an Esso uniform (although he no longer worked for Martin) and was driving a two-tone blue Ford coupe.

At about 3:30 a.m. two police officers on patrol saw a two-tone Ford club coupe traveling at about 70 miles per hour in the outskirts of Winston-Salem. The lid to the trunk was open and a number of new automobile tires were visible. The officers gave chase, at times running 100 miles per hour. During the chase the cars collided and the officers' car was damaged to the extent that it stalled near a roadblock in Rowan County which had been set up in response to radio messages from the pursuing officers. The Ford was found abandoned with 16 tires still on it and men's tracks in the mud at the car. Two tires fell out of the car during the chase.

The defendant was arrested in Salisbury about 45 minutes after the car was found. His shoes fitted the tracks at the car. One of the officers testified that in his opinion the man driving the car was the defendant, though he had not previously known him. The description he gave by radio enabled the officers in Salisbury to make the arrest. The defendant had on an Esso uniform at the time of his arrest. The car on which the tires were found belonged to the defendant's sister-in-law who had lent it to him about 6:00 p.m. on the 13th. The tires were identified as having been taken from Martin's storage house. Other evidence of a corroborative nature was offered by the State; also evidence supporting the charges contained in the warrants.

From verdicts of guilty and judgments thereon, the defendant appealed, assigning errors.

*William B. Rodman, Jr., Attorney General, and Claude L. Love, Assistant Attorney General, for the State.*

*E. J. Parrish for defendant, appellant.*

PER CURIAM. The defendant contends the evidence was insufficient to go to the jury and that his motion for judgment as of nonsuit should have been allowed. The evidence was amply sufficient to sustain the verdict. The assignments of error do not present questions of law which require discussion.

No error.

DEVIN, J., took no part in the consideration or decision of this case.