### 37213. BRAY *v.* CROSS.

DECIDED SEPTEMBER 22, 1958—REHEARING DENIED
NOVEMBER 13, 1958.

*Thompson & Redmond, Lee Redmond, Hatcher, Smith, Stubbs & Rothschild, Albert W. Stubbs,* for plaintiff in error.

*Foley, Chappell, Kelly & Champion, S. E. Kelly, Jr.,* contra.

NICHOLS, Judge. The plaintiff's petition as finally amended is in excess of 40 pages and will not be quoted in detail as the controlling questions are very clearly and succinctly stated by the defendant as follows: "(a) Where an owner conveys realty by deed of conveyance, does such owner *thereafter* owe any duty to persons injured by a defective condition of the premises? (b) Can a latent construction defect in a house be classified as a nuisance where it can affect only the premises on which the house is located and persons lawfully or rightfully present on those premises?"

1. The first question presented is controlled adversely to the defendant by the decision of this court in *Kuhr Bros., Inc.* v. *Spahos*, 89 *Ga. App.* 885 (81 S. E. 2d 491), and, while in that

case the resulting damage was to "property" whereas here the injuries were to the plaintiff's person, the same law is applicable inasmuch as both cases involved the liability of a seller for knowingly furnishing realty that was imminently dangerous without advising the purchaser of such fact. The allegations in the present case show that the "defect" was a latent defect that could not be discovered in the exercise of ordinary care, for the allegations show that the "defect" was covered with plaster an inch thick. Therefore the two counts of the petition based on negligent construction were not subject to the defendant's general demurrers and the trial court did not err in overruling such demurrers.

2. The remaining two counts of the petition are based on the theory that the condition of the ceiling which collapsed was a nuisance. One count is based on the theory that the defendant is liable for the creation of a nuisance by her agent and the other that she is liable for maintaining a nuisance created by an independent contractor with actual knowledge and acceptance by the defendant.

In *Davey* v. *Turner, 55 Ga. App.* 786 (191 S. E. 382), this court held that an independent contractor and the property owner, as against general demurrer, were both liable for the creation of a nuisance in a case where a gas heater was installed without a vent when proper installation required that the heater be vented, and a person lawfully on the property died as the result of breathing monoxide gas. In that case it was held that the contractor and the owner of the property were joint tortfeasors, and that the person creating the nuisance and the person maintaining the nuisance could be joined as defendants in one action. It necesarily follows that an action against either would lie without joining the other. In the present case, of the counts based on nuisance, one count is based on the creation of a nuisance by the defendant through her agent and the other on the maintaining of a latent nuisance by accepting with knowledge of the condition the installation made by the independent contractor and, in both counts, with not advising her vendee of such latent nuisance so that the vendee could take steps to correct such condition before it caused injury.

The decision in *Kuhr Bros., Inc.* v. *Spahos,* 89 *Ga. App.* 885, supra, controls as to the contention presented by the defendant that the doctrine of *caveat emptor* relieved her of liability after she had deeded the property to the plaintiff's landlord, for under the allegations of the petition the premises were imminently dangerous.

These counts of the plaintiff's petition set forth a cause of action against the defendant and the trial court did not err in overruling the defendant's general demurrers to such counts.

*Judgment affirmed. Townsend, Carlisle, and Quillian, JJ., concur. Felton C. J., and Gardner, P. J., dissent.*

Felton, Chief Judge, dissenting. My dissent is based on four propositions of law. First, in cases of the sale of realty, there is ordinarily no liability upon the seller for defects in the premises. Second, the only exception outside of an agreement is actual fraud on the part of the seller in failing to disclose known defects, the danger of which is known to the grantor. Third, where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is to be treated as pleading no more than the latter, and the whole petition is treated as pleading the insufficient alternative. Fourth, an allegation that one knows or by the exercise of ordinary care should know a given fact is not an allegation of actual notice of such fact.

As I construe the various counts of this petition, not a single one of them alleges that the defendant knew of the dangerous *condition* of the premises. They allege that she knew of the *manner in which the work was done* but fall short in alleging actual knowledge of *danger*. Assuming for the sake of argument that each count alleges the knowledge of the danger on the part of the seller, there is an alternative allegation in each one that the seller knew or should have known of the danger. This is but constructive notice, and is insufficient to state a cause of action in a case like this.

The original petition alleged that the defendant was a general contractor, which might have carried the implication that she knew the danger attendant upon an improper construction, but the petition was amended, and it then proceeded on the

allegation that the defendant was a speculative home builder, which allegation does not carry any such implication. There is an allegation in the original petition and in the amended petition that the defendant had full notice and knowledge that said alleged defective construction created an inherently and imminently dangerous condition *for the reason* that on or about November 1, 1955, the defendant was notified that the ceiling of the bedroom had commenced to collapse and that the defendant, by and through her agents, servants and employees did attempt to repair said area of partial collapse of the ceiling and did again cover said attempted repairs with plaster. This allegation, wherever it appears, falls short of charging actual knowledge of a dangerous condition for the reason that, on the face of it, it simply means that the defendant should have discovered the dangerous condition by the exercise of ordinary care in the repair of the part of the ceiling which collapsed. There are only two other places in the petition which, in my opinion, even resemble an allegation of knowledge of actual danger. In count 4, subsection (a) of the specifications of negligence, it is alleged, "Knowingly permitting and consenting to the creation of a dangerous and inherently weak condition in the bedroom ceiling as hereinabove described, which condition was a nuisance per se and a mantrap." This is followed by specification (c), "Furnishing or selling said house, when defendant knew or should have known of the existence of said nuisance, to her vendee and to third persons, including plaintiff, whom defendant might reasonably have expected to enter or use said bedroom of said house," and by specification (d), "Acceptance by defendant of the said nuisance per se when defendant knew or should have known of such nuisance, and when defendant built said house to be occupied or used by third persons, including plaintiff, who would be exposed to the dangerous condition creating said nuisance."

In a nutshell, all four counts of the petition are subject to general demurrer either because they do not allege actual knowledge of the dangerous condition of the ceiling on the part of the defendant or because each count contains alterna-

tive allegations, one of which is based on constructive notice alone rendering them insufficient against a general demurrer.

1. Ordinarily a seller of real estate cannot be held liable for defective condition of the premises. 8 A.L.R. 2d 221, 223.

2. The exception to the above rule is that where the grantor has actual knowledge at the time of the conveyance of a latent defect which is imminently dangerous and does not disclose such defect and danger to the grantee, the grantor may be held liable in an action in tort for fraud for such failure to disclose.

"A vendor of land, who conceals or fails to disclose to his vendee any condition whether natural or artificial involving unreasonable risk to persons upon the land, is subject to liability for bodily harm caused thereby to the vendee and others upon the land with the consent of the vendee or his sub-vendee, after the vendee has taken possession, if (a) the vendee does not know of the condition or the risk involved therein, and (b) the vendor knows of the condition and the risk involved therein and has reason to believe that the vendee will not discover the condition or realize the risk. . .

"b. In order that the vendor of land may be subject to liability under the rule stated in this Section, he must actually know of the conditions and realize that it involves an unreasonable risk of harm to those who may use the land in ignorance of it. The vendor is under no duty to either his vendee or those who may be expected to enter upon or use the land in his right, to inspect the land in order to discover its actual condition; nor is he under any duty to warn the vendee of the extent of the risk involved in an obvious condition, unless the condition is such that the vendee would be unlikely to appreciate the extent of the risk involved therein. . .

"d. One of the conditions necessary to subject the vendor of land to liability under the rule stated in this Section is that he not only know of the condition but also realize the risk involved therein." Restatement of the Law, Torts, Negligence, 961, § 353.

See also U. S. v. Inmon, 205 Fed. 2d 681; Smith v. Tucker, 151 Tenn. 347 (270 S. W. 66, 41 A.L.R. 830); 8 A.L.R. 2d 228; Mercer v. Meinel, 290 Ill. 395 (125 N. E. 288).

3. Where two matters are pleaded in the disjunctive, one of which is bad and the other not, the petition is subject to general demurrer. *Doyal* v. *Russell*, 183 *Ga.* 518 (189 S. E. 32).

4. Allegations that one knew or should have known of a fact charge only implied or constructive notice and are not sufficient to allege actual notice. *Central of Georgia Ry. Co.* v. *Stamps*, 48 *Ga. App.* 309 (4) (172 S. E. 806); *Southern Ry. Co.* v. *Lomax*, 67 *Ga. App.* 406 (4) (20 S. E. 2d 437); *Central of Georgia Ry. Co.* v. *Tapley*, 145 *Ga.* 792 (2) (89 S. E. 841); *Homburger* v. *Homburger*, 213 *Ga.* 344, 347 (99 S. E. 2d 213).

It is important to notice that there is a vast difference between knowing of a defective construction and the dangerous condition created by the defect. There is a difference between notice of defect and knowledge of danger. *Mathis* v. *Gazan*, 51 *Ga. App.* 805 (181 S. E. 503); *Wicker* v. *Roberts*, 91 *Ga. App.* 490 (86 S. E. 350); *Firestone Service Stores* v. *Gillen*, 58 *Ga. App.* 782 (199 S. E. 853); *Goldsmith* v. *Hazelwood*, 93 *Ga. App.* 466 (92 S. E. 2d 148).

None of the cases cited in the majority opinion is authority for the majority holding. In the decision in *Kuhr Bros., Inc.* v. *Spahos*, 89 *Ga. App.* 885 (81 S. E. 2d 491), this court deliberately avoided the application of the real-estate rule for the reason that the subject matter was personal property and the personal property rule stated in the Restatement of Torts is quoted at length. *Davey* v. *Turner*, 55 *Ga. App.* 786 (191 S. E. 382), also involved personal property.

To sum up, my opinion is that all four counts of the petition should have been dismissed on general demurrer for the reason that none alleges actual knowledge of the dangerous condition on the part of the defendant and fraudulent failure to disclose the danger to the grantee, and assuming that each count does allege actual notice of the dangerous condition, each one also contained the allegation of constructive notice and under the rule stated should be dismissed.

I am authorized to say that Gardner, P. J., concurs in this dissent.