### 39984. WALTON v. PETTY.

DECIDED MAY 9, 1963.

*Albert A. Roberts,* for plaintiff in error.

*Lipshutz, Macey, Zusmann & Sikes, Samuel N. Frankel,* contra.

FELTON, Chief Judge. The issue raised by this appeal is whether or not the law implies a warranty as to quality or condition in favor of the vendee of an existing new house by the vendor-builder of the house.

Looking first at the Georgia law, we find that "in a sale of land there is no implied warranty of title," *Code* § 29-302, and that "a covenant of general warranty relates only to the title. . .". *Finn v. Lifsey,* 169 Ga. 599 (1) (150 SE 908); *Rabun Mineral &c. Co. v. Heyward,* 171 Ga. 322, 328 (155 SE 324); *Sawyer Coal &c. Co. v. Kinnett-Odum Co.,* 192 Ga. 166, 169 (2) (14 SE2d 879). Implied covenants are not favored in the law. *McDonough v. Martin,* 88 Ga. 675 (16 SE 59, 18 LRA 343). In *Kuhr Bros. v. Spahos,* 89 Ga. App. 885 (81 SE2d 491), the vendee of a house sued the vendor, who had contracted to furnish a furnace for the house, and the contractor who installed the furnace, for damages alleged to have been caused by a fire resulting from the improper installation of the furnace in violation of a city ordinance. This court affirmed the judgment of the lower court in overruling the general demurrer to the petition, basing the decision upon the proposition that "over and beyond the obligation in contracts, it is fundamental that every person owes a duty to exercise ordinary care not to supply by sale, lease, etc., a thing, instrumentality, or building which is so defectively constructed or conditioned as to be imminently dangerous to the person to whom supplied or subject to damages

itself by reason of its condition," citing *Moody v. Martin Motor Co.*, 76 Ga. App. 456 (46 SE2d 197) and Restatement of the Law of Torts, p. 1039, § 388. Although the obiter dicta in this case seems to extend the liability of a vendor to damages for a building which is so defectively constructed as to be subject to damages itself by reason of its condition, the implications of the holding should not be extended beyond the facts in that particular case. In the *Moody* case, supra, cited by the court in *Kuhr Bros.*, supra, as well as in the *Kuhr Bros.* case, the vendor had caused the damages by his negligent performance of a contract with the vendee, whereas, in the case sub judice, the alleged negligence occurred prior to the creation of the contractual relationship, when the defendant owed no duty of care to the plaintiff.

In *Bray v. Cross*, 98 Ga. App. 612 (106 SE2d 315), the suit was for alleged personal injuries, rather than for property damage, as in the *Kuhr Bros.* case, supra, and in the instant case, therefore the statement by the court that "the same law is applicable inasmuch as both cases involved the liability of a seller for knowingly furnishing realty that was imminently dangerous without advising the purchaser of such fact," is obiter dictum, and hence not authority for the proposition that the laws of liability of the vendor for property damage and for personal injuries are the same.

Since we feel that this specific point has not been sufficiently resolved by Georgia statute and case law, we consider it beneficial to examine the law of other jurisdictions as to the issue before us. "Ordinarily, at common law and in the absence of a statute providing otherwise, there is no implied warranty of condition or quality, and a warranty of quantity is not implied in a sale of land." 91 CJS 974, Vendor & Purchaser, § 91(a). "Where the purchaser is not deceived by any fraudulent representations and demands no warranty, the law presumes that he depends on his own judgment in the transaction, and applies the maxim 'caveat emptor.' Generally in this country no warranty of soundness is implied, however adequate or full the price paid may be." 46 Am. Jur. 521, Sales, § 337. "While the law implies an obligation on the part of the vendor to convey a

marketable title, with respect to the physical condition of the premises the rule of caveat emptor generally applies. The vendor does not impliedly warrant the condition of the premises, and when out of possession he is not liable in damages to the vendee or members of his family for injuries caused by defects in the premises." 55 Am. Jur. 795, Vendor & Purchaser, § 368. Williston on Contracts, Revised Edition, § 926, states: "The doctrine of *caveat emptor* so far as the title of personal property is concerned is very nearly abolished, but in the law of real estate it is still in full force. One who contracts to buy real estate may, indeed, refuse to complete the transaction if the vendor's title is bad, but one who accepts a deed generally has no remedy for defect of title except such as the covenants in his deed may give him. Therefore, if there are no covenants, he has no redress though he gets no title. . . *Still more clearly there can be no warranty of quality or condition implied in the sale of real estate.* . . It is generally true also that any express agreements in regard to land contained in a contract to sell it are merged in the deed if the purchaser accepts a conveyance. If, indeed, the vendor has made misrepresentations, even innocently, rescission is possible in most jurisdictions, but no remedy is generally available for any breach by the vendor of any promise contained in the contract but omitted in the deed." (Emphasis supplied). For an excellent collection of authorities on this point, see the case of Steiber v. Palumbo, 219 Ore. 479 (347 P2d 978), and its annotation in 78 ALR2d 440, 446. The vendor's liability for personal injuries, as distinguished from property damage, is discussed in 8 ALR2d 213-228.

Applying the foregoing to the case at bar, it will be seen that the defendant vendor was not liable to the plaintiff vendee upon the theory of implied warranty and there is no allegation of any express warranties. Nor can a recovery be based upon the defendant's violation of an ordinance; this could, at most, subject the defendant to prosecution by the city and not to civil liability by the plaintiff, who was in no contractual relationship with the defendant at the time of the alleged violation. There being no implied warranties as to the condition of the house, the rule

of caveat emptor applies; therefore no action can be brought for fraud in concealment of defects in the house, since the plaintiff failed to extract an express warranty as to condition from the defendant in the contract of sale, reserving it in the deed.

A general demurrer to the petition was filed in this case which was not ruled on and which is still pending in the trial court. The oral motion to dismiss the action was made on the sole ground that the action was barred by the statute of limitation. The legal consequence of this state of facts is the same as if there were two grounds of general demurrer or two grounds of a motion to dismiss. In such circumstances the court's judgment dismissing the action is correct if it sustain the demurrer or motion for the wrong reason. If this court should rule that the court erred in sustaining the motion to dismiss because the motion was limited in scope to the statute of limitation the petition would still be bad and subject to the unrestricted general demurrer which has not been acted upon. To so rule would merely prolong litigation unnecessarily. This court has the power to end litigation where such action does not prejudice rights. *Code* § 24-3901; *Code* § 6-1610. Accordingly the judgments of the trial court dismissing the action are affirmed with direction that the court sustain the general demurrer to the petition so that the judgments affirmed will be based on the ruling on the general demurrer.

*Judgment affirmed with direction. Eberhardt and Russell, JJ., concur.*