45887.   AMOS v. McDONALD et al.

ARGUED JANUARY 5, 1971—DECIDED MARCH 5, 1971—
REHEARING DENIED MARCH 29, 1971—CERT. APPLIED FOR.

*Greer & Murray, Frank J. Klosik, Jr.,* for appellant.

*Long & Siefferman, Calhoun A. Long,* for appellees.

DEEN, Judge. ■ In Georgia no distinction is made between the sale of new and used property. The doctrine of "caveat emptor" applies; agreements for the construction of a house to be placed on the property at the time of purchase are merged in the deed unless expressly exempted therefrom or unless they come under the collateral agreement theory, where the deed contains no express warranty of suitability for the use intended of structures placed thereon, with certain exceptions relating to fraud and misrepresentation not here applicable. *Dooly v. Berkner,* 113 Ga. App. 162 (147 SE2d 685); *Tison v. Eskew,* 114 Ga. App. 550 (151 SE2d 901); *Whiten v. Orr Constr. Co.,* 109 Ga. App. 267 (136 SE2d 136). No cause of action under existing Georgia law is set out in the first count against either of the defendants.

■ Count 2 is against John McDonald only as a result of a negligent breach of his contract of construction with the plaintiff. Since McDonald was not a builder-owner or builder-vendor, caveat emptor does not apply. (In fact, this defendant successfully objected to the introduction of any evidence which might have shown that Mrs. McDonald was not the true owner-vendor or that the builder had any personal interest in the real estate). He was, therefore, suable for his negligence in performing the contract because in failing to follow building code standards he violated a private right of the plaintiff, and to elect to sue in tort rather than on contract. *Rawls Bros. Co. v. Paul,* 115 Ga. App. 731 (1) (155 SE2d 819); *Frank Graham Co., v. Graham,* 90 Ga. App. 840 (1) (84 SE2d 579). There being substantial testimony that the fire-

place was not installed in a workmanlike manner or in accordance with applicable fire ordinance requirements, and that this was the proximate cause of the damage, it was error to direct a verdict in favor of the contractor under Count 2 of the petition.

3. Apparently the trial judge felt that evidence showing the plaintiff had lived in the house for a period of about three years precluded his recovery as a matter of law. It might well do so as a matter of fact. "That the employer in a building contract, on the retirement of the builders, recognized the contract as complied with, he not having made then nor until sometime afterwards any suggestion to the contrary, is pertinent to the question of whether the contract was in fact complied with; and such recognition need not be express, but may be implied from the circumstances." *Porter v. Wilder & Son,* 62 Ga. 520, 526. The statute of limitation, however, begins to run, as stated in *Hunt v. Star Photo Finishing Co.,* 115 Ga. App. 1, 5 (153 SE2d 602), "when the negligent acts were committed resulting in damage to the plaintiff . . . , the owner, and not when a portion of the building collapsed." Since this action was brought within four years of the building of the chimney, and since the defect was latent and not discoverable until the fire, we are satisfied that a jury question was raised on this point.

The trial court properly directed a verdict in favor of the defendant vendor, Heide McDonald, but erred in removing Count 2, based on negligent construction by the defendant contractor, John McDonald, from jury determination.

*Judgment affirmed in part; reversed in part. Bell, C. J., concurs. Pannell, J., concurs in the judgment only. Deen, J., concurs specially.*

DEEN, Judge, concurring specially. It appears regrettable to the writer that this court, in these cases and others cited therein, and by overruling language in *Kuhr Bros. v. Spahos,* 89 Ga. App. 885 (81 SE2d 491) and *Bray v. Cross,* 98 Ga. App. 612 (106 SE2d 315), has revived the ancient doctrine in all its viciousness, disregarding the rulings of a number of jurisdictions in similar fact situations that where the defect is latent and the vendee could not reasonably have discovered it his action will not be barred because "the common law as a vehicle of justice suffers no loss of power

512

through continued use and application. It possesses an infinite capacity to grow, to keep abreast of current requirements, and to be alert to changing needs and mores." Vernali v. Centrella, 28 Conn. Sup. 476 (266 A2d 200). Accord, Schipper v. Levitt & Sons, 44 N. J. 70, 90 (207 A2d 314) ("The law should be based on current concepts of what is right and just and the judiciary should be alert to the never-ending need for keeping its common law principles abreast of the times"), and see Caparrelli v. Rolling Greens, Inc., 39 N. J. 585 (190 A2d 369); 25 ALR3d Anno., pp. 383 et seq., 391: (". . . the decided trend of modern decisions is to make a distinction with respect to a vendor who is also the builder of a new structure, and . . . he is today, by the weight of modern authority, held liable for damages and injuries occurring after the surrender of title and possession" on various theories elucidated therein.)