## CURTIS *v.* PIERCE *et al.*

The written instruments referred to in this case are construed as forming one contract of sale of realty and personalty, together with the hotel business of which the realty and personalty constituted an essential part. One of the written instruments contained the clause, "that all of the agreements and covenants between the parties are included in this contract." Giving due consideration to this clause, the effect of the whole contract is to exclude a prior or contemporaneous parol covenant of the vendor not to engage in the hotel business in the same town.

(a) No question is involved as to the right of the plaintiff to have the contract reformed on the ground that the alleged covenant of the vendor was omitted from the writing because of fraud on the part of the vendor or mutual mistake of the parties.

(b) The judge did not err in excluding the parol evidence as to a covenant of the vendor not to engage in the hotel business in the same town, and in refusing a temporary injunction restraining the vendor from engaging in such business.

No. 3846.   FEBRUARY 27, 1924.

Petition for injunction. Before Judge Highsmith. Jeff Davis superior court. May 26, 1923.

The exception is to a judgment refusing a temporary injunction to prevent a vendor of a hotel from operating another hotel in the same town, in violation of an alleged parol agreement not to engage in the hotel business in that town so long as the vendee should use the property purchased in conducting a hotel. On the hearing there was evidence tending to show the following: On July 16, 1921, the owner of a hotel, who was operating it as proprietor, agreed to sell the property and business for a stated price payable partly in cash and the balance at stated intervals. The cash payment was made, and promissory notes were given for the deferred payments. The vendor executed a bond for title, which described the realty and immediately following described the personalty. The description of the realty was: "A certain tract or parcel of land lying and being in the City of Hazlehurst, the same being a portion of lot of land number·502 in the 2nd land district of Jeff Davis County, Georgia, and being more fully described as follows [giving a description of the land by metes and bounds]. The tract herein conveyed being the tract on which is located the two two-story frame houses commonly known as the Pierce Hotel and Pierce Hotel Annex, and being the same land described and set forth in the following conveyances [giving a list of conveyances]. References to

all of said conveyances herein named for the purpose of being a more accurate description." The description of the personalty was: "Any and all furniture and furnishings now located in and connected with said Pierce Hotel and Pierce Hotel Annex, the same consisting of bedsteads, springs, mattresses, sheets, pillows, pillow-cases, rugs, art squares, bureaus, washstands, curtains, shades, bowls and pitchers, show-cases, table-cloths, napkins, dishes, and other dining-room furniture, stoves, pots, kettles, skillets, and other kitchen furniture, and all and any furniture, furnishings, and equipment and accessories belonging to and connected with said Pierce Hotel and Pierce Hotel Annex; all of which is fully described in a certain inventory this day made." It was admitted that the inventory "merely contained a list of articles of furniture, linens, and fixtures in the Pierce Hotel and Pierce Hotel Annex." The bond for title was in the usual form, and was conditioned to convey the property on payment of the described notes. On the same day a separate paper was executed in duplicate between the parties, the provisions of which follow:

"1. That whereas the said party of the first part has this day sold and delivered to the said parties of the second part a certain tract or parcel of land lying and being in the said City of Hazlehurst, Georgia, the same being a portion of lot of land Number 502 in the second land district of Jeff Davis County, Georgia, and being the tract upon which is located the two two-story buildings commonly known as the Pierce Hotel and Pierce Hotel Annex, and has also sold and delivered to parties of the second part all of the furniture, furnishing, and equipment belonging to and connected with said Pierce Hotel and Pierce Hotel Annex, all of which will appear by reference to a certain bond for title this day executed and delivered by said party of the first part to said parties of the second part.

"2. And whereas said parties of the second part have this day paid to said party of the first part the sum of $4500.00 in cash, and have executed and delivered to said party of the first part their promissory notes for the sum of $17,500.00, all of said notes being dated of even date of this contract, and the same being for the amount and maturing on the dates as follows: note maturing September 1st, 1921, $1500.00; note maturing July 16th, 1922, $6000.00; note maturing July 16th, 1923, $5000.00; note maturing

July 16th, 1924, $5000.00; and each of said notes bearing interest from date at the rate of 8% per annum, and stipulating for ten per cent. attorney fees in the event the same is collected by law or through an attorney at law.

"3. It is agreed between both parties to this contract that said party of the first part should deliver possession of both the real and personal property hereinbefore referred to, to said parties of the second part on this date; but the title to said personal property as well as said real property shall remain vested in the said party of the first part until each and all of the promissory notes herein referred [to] and described in said bond for title have been fully paid and satisfied.

"4. It is further agreed between both parties to this contract that said parties of the second part shall at all times keep the building located on said tract of land, and the personal property this day bargained and delivered, insured in a sum of at least $10,000.00 with loss-payable clause to said party of the first part; and in the event that said parties of the second part fail or refuse to keep said buildings and said personal properties insured as aforesaid, then said party of the first part at her option shall have the right and privilege of declaring the contract of sale void, or of fully insuring said property and charging the same to said parties of the second part. In the event the said party of the first part at her option shall declare the said sale void, then the said parties of the second part agree to surrender said property, both real and personal, to said party of the first part without any legal proceedings.

"5. It is further agreed between both parties to this contract that in the event . . said parties of the second part desire to replace furniture, furnishings, and equipment hereinbefore referred to, with new furniture, furnishings, and equipment, that the same may be done by and with the consent of the said party of the first part.

"6. It is further agreed and understood between both parties to this contract that the deferred payments of the purchase-price of the said real and personal property, represented by said promissory notes as aforesaid, are a series; and that if any one of said notes shall become due and remain unpaid for as long as 30 days after the due date of the same, then that each and all of said promissory notes shall become due and payable, time being made the essence of this contract.

"7. It is further agreed that all of the agreements and covenants between the parties are included in this contract, the same being executed in duplicate."

On the day the above papers were executed the vendor delivered possession to the purchaser, and the latter proceeded to carry on the hotel business under a different name. Thereafter the first two notes were paid as they matured. On May 8, 1923, before the third note fell due, the purchaser instituted the action to enjoin the vendor from conducting another hotel in the same town, on the ground that one of the considerations moving the purchaser to buy the property was a parol agreement by the vendor not to engage in the hotel business in the town so long as the purchaser should operate the hotel. After introduction of evidence as above indicated on the interlocutory hearing, the judge excluded certain testimony that was offered to prove the alleged parol agreement of the vendor not to engage in the hotel business, and with such evidence excluded refused a temporary injunction. The testimony that was rejected related to negotiations both prior to and at the time of the written contract, and subsequent declarations of the grantor admitting the alleged prior parol agreement.

*S. D. Dell,* for plaintiff. *Gordon Knox,* for defendants.

ATKINSON, J. The evidence that was excluded was essential to the plaintiff's case. The controlling question therefore is, did the judge err in excluding the testimony? The attorney for the plaintiff states in his brief that he fully recognizes "the rule that parol evidence cannot be admitted to add to, take from, vary, or contradict a valid written instrument," but insists that it would not offend this rule to admit the evidence. This position was based on the contention as stated in the brief: "that the written contract as shown by the record relates exclusively to the lands and the personal properties named in the bond for title, and not to the sale of the business, and that said contract does not even purport to refer to the business sold, . . and has no bearing [or] . . relation thereto;" that "it is apparent from reading [the contract] . . that the parties never intended for it to refer . . to anything but the physical properties, to wit: the lands and the furniture and fixtures." Referring specially to paragraph seven of the contract, viz: "It is further agreed that all of the agreements and covenants between the parties are included in this contract, the same being executed in duplicate,"

it is said that this refers only to "the agreements between the parties relating to the real estate and personal property and the insurance and the replacing of furniture, and does not relate . . to the business nor to the good will." The attorney cites *Spier* v. *Lambdin*, 45 *Ga.* 319; *Armstrong* v. *Atlantic Ice &c. Co.*, 141 *Ga.* 464 (81 S. E. 212); *Barrie* v. *Miller*, 104 *Ga.* 312-316 (30 S. E. 840, 69 Am. St. R. 171); *McCommons* v. *Williams*, 131 *Ga.* 313 (62 S. E. 230); *Carter* v. *Griffin*, 114 *Ga.* 321 (40 S. E. 290); *Roberts* v. *Mathews*, 77 *Ga.* 458. These cases differ on their facts from the case under consideration, and do not require a judgment of reversal. The bond for title and written inventory therein mentioned, and the written contract executed in duplicate, refer to the same transaction, rest on the same consideration, were contemporaneous, and must be considered as making one contract. The sale of the furniture was not a sale of separate articles or chattels, but, as indicated by the inventory, it was a sale of "articles of furniture, bedding, linens, and fixtures in the Pierce Hotel and Pierce Hotel Annex." It is to be inferred that they were not sold to be carried away and devoted to other uses. It is provided in the fifth paragraph: "It is further agreed between both parties to this contract that in the event said parties of the second part desire to replace furniture, furnishings, and equipment hereinbefore referred to, with new furniture, furnishings, and equipment, that the same may be done by and with the consent of the said party of the first part." Reasonably construed, this implies use of the personalty in connection with use of the realty in carrying on the hotel business, and, when considered in connection with the gross or entire consideration to be paid for all the property, shows a joint sale of the personalty and realty and the hotel business of which that property constituted an essential part. If the sale be viewed as separate sales of only the realty and personalty, how much was paid for the realty and how much for the personalty? What use would the purchaser have for the "Pierce Hotel and Pierce Hotel Annex" and all the furniture and fixtures therein, and why the right to substitute furniture to take the place of furniture in the hotel, if the hotel business was not included in the sale? As it was a joint sale of all the property including the business, the above-quoted paragraph seven of the contract necessarily applies to the whole contract and by its express terms excludes all covenants or agreements not expressed in the

writing. It follows that parol evidence as to prior or contemporaneous covenants by the vendor, not to engage in the hotel business in the same town, or subsequent admissions by the vendor of such prior covenants, would not be admissible. A different question would be presented if it were sought to show that a covenant restricting the right of the vendor to engage in the.hotel business in the same town was omitted from the writing by fraud, accident, or mutual mistake; but there is no such contention. The question relates to the contract as written. The judge did not err in excluding the evidence, and in refusing a temporary injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*