40837. MORGAN CONSTRUCTION COMPANY et al. v. KITCHINGS et al.

PANNELL, Judge. A petition by a purchaser of a house against the builder-seller defendants seeking to recover damages for injuries to the house occasioned by an imminently dangerous defect constructed into the house and concealed by the defendants and of which the defendants did not inform the purchaser, based upon the negligence of the defendants and the creation of a nuisance, cannot be maintained under the ruling of this court in *Whiten v. Orr Const. Co.*, 109 Ga. App. 267 (136 SE2d 136). A recovery can only be had based upon fraud. While the petition in the present case alleges that the plaintiffs had an oral contract with the defendant Morgan, individually (who was president of defendant corporation), to build a house on a lot in a subdivision, the petition also alleges that the defendant company and Morgan entered into a written contract to sell and to purchase, copy of which was attached to the petition. This contract disclosed that the defendants agreed to sell to the plaintiff, Alton D. Kitchings, a described lot for a certain price and the terms of payment were set forth. One of the special stipulations was that "building to be finished according to plans and specifications." The contract also contained a provision that "this contract constitutes the entire agreement between the parties." Under these circumstances, all parol negotiations and agreements between the plaintiffs and the defendant Morgan were merged into the contract for the purchase and sale of a described lot and a building to be erected thereon. *Curtis v. Pierce*, 157 Ga. 717 (122 SE 208). The petition itself refers to this as a purchase and sale contract and says that the purchase was completed on November 29, 1957, after the completion of the house. There is also attached to the petition the deed from the defendant corporation to *both plaintiffs* conveying the house and lot without warranty or representation as to the condition of the building. See *Rigdon v. Barfield*, 194 Ga. 77 (3) (20 SE2d 587). Under these circumstances, this was a purchase and sale of a lot and house, and not a contract for the building of a house. It follows that, there being no contract between the parties for the erection of the building itself, those decisions involving negligence in the performance of the contract have no appli-

cation here. As to this type of case, see *Ellis v. Taylor,* 172 Ga. 830 (159 SE 266); *Tapley v. Youmans,* 95 Ga. App. 161 (97 SE2d 365).

The rulings in *Walton v. Petty,* 107 Ga. App. 753 (131 SE2d 655) are not to be understood to mean that if there had been a contract to construct a house for the plaintiff, an action for negligence would lie when rights were not reserved in a deed. The court in that case, when referring to the absence of a contract, was merely demonstrating that the action could not be based on a violation of the city ordinance because there was no contract between the parties which would raise a duty on the part of the defendant to refrain from being negligent insofar as a violation of the ordinance was concerned.

The above remarks about the case of *Walton v. Petty* represent the opinion of the other two members of this division of the court. Speaking for myself alone, it is my opinion that the intimations and holdings in *Walton v. Petty* to the effect that the existence of a contract of purchase at the time the defect is built into the house authorizes a recovery on the grounds of negligence arising out of a breach of contract, should be expressly disapproved; and, that the decision in *Walton v. Petty,* in this connection, is not in any way subject to the construction given it by the majority. However, irrespective of this disagreement among us, it follows that the trial court erred in overruling the general demurrers of the defendants to the petition in the present case which sought a recovery on the theory of negligence for damages to the house purchased which were occasioned by a defect constructed therein by the defendants; and all other proceedings thereafter in the case were nugatory.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

DECIDED SEPTEMBER 22, 1964—REHEARING DENIED OCTOBER 23 AND NOVEMBER 5, 1964.

*W. Ward Newton, Robert E. Falligant,* for plaintiffs in error. *Owen H. Page, Alton D. Kitchings,* contra.