41665. DOOLEY v. BERKNER.

ARGUED JANUARY 3, 1966—DECIDED JANUARY 25, 1966—
REHEARING DENIED FEBRUARY 10, 1966—

*Shi & Raley, Trammell F. Shi, J. Jerome Strickland,* for appellant.

*J. Douglas Carlisle, Warren H. Oliver,* for appellee.

FELTON, Chief Judge. At common law the rule of caveat emptor applied strictly to a purchaser of real property. *Walton v. Petty,* 107 Ga. App. 753 (131 SE2d 655); *Whiten v. Orr Constr. Co.,* 109 Ga. App. 267 (136 SE2d 136); *Morgan Constr. Co. v. Kitchings,* 110 Ga. App. 599 (139 SE2d 417); 8 ALR2d 218; Prosser, Law of Torts, 3d Ed., Ch. 11, § 62, Vendor & Vendee, p. 408; Thompson on Real Property, Vol. 8A, § 4470, pp. 393-397. Implicit in the rule that there is no implied warranty in a conveyance of realty is the further principle that the vendee accepts the property as it is and assumes full responsibility for defects, etc., with the exception stated in the Georgia cases above that recovery may be had for the fraudulent concealment of known defects. This legal consequence excludes the tort liability based on the doctrine of products liability as initiated by MacPherson v. Buick Motor Co., 217 N. Y. 382 (111 NE 1050). We are foreclosed from an abandonment of the common law rule of caveat emptor in cases of realty sales because the common law of force prior to May 14, 1776, is of force in this State

except where modified by statute or not adjusted to our circumstances. *Harris v. Powers,* 129 Ga. 74 (2) (58 SE 1038, 12 AC 475); *Louisville &c. R. Co. v. Wilson,* 123 Ga. 62, 67 (51 SE 24, 3 AC 128); Annotations, *Code Ann.* § 2-8003; Cobb's Digest, 1851, p. 721. To hold otherwise would be a clear usurpation of legislative power. For a very able, thorough and comprehensive study of the law in all its phases regarding the question as to whether the MacPherson rule should be applied to sales of realty, and as to how it should be done, see Vanderbilt Law Review, "Caveat Emptor in Sales of Realty—Recent Assaults Upon the Rule," Vol. 14 (1960-61) p. 541.

In the absence of allegations of fraud in the petition and because the sole basis of recovery against the seller-builder, who conveyed by deed without warranties after completion of the building conveyed, is the negligence of the seller or his employees, the court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*