25781. F. C. BROOKS & SONS, INC.
v. SHELL OIL COMPANY.

ARGUED MAY 11, 1970—DECIDED JUNE 9, 1970.

Holcomb & McDuff, Frank D. Holcomb, Robert E. McDuff, for appellant.

Raymond M. Reed, G. Robert Howard, for appellee.

FELTON, Justice. 1. A contract for a lease of land for a period longer than one year must be in writing (*Code* § 20-401 (4); *Byrd v. Piha*, 165 Ga. 397, 400 (141 SE 48)), and the writing "must be complete in itself, leaving nothing to rest in parol." *F. & W. Grand &c. Stores v. Eiseman*, 160 Ga. 321, 325 (127 SE 872). "'Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument.' *Code* § 38-501. 'All previous negotiations are merged in the subsequent written contract, and an additional obligation can not be grafted thereon by parol testimony.' [citations]." *Dixie Belle Mills v. Specialty Mach. Co.*, 217 Ga. 104, 105 (120 SE2d 771). This is especially true in a case such as the present one, in which the written contract contains the provision that "[t]his lease merges and supersedes all prior negotiations, representations and agreements, and constitutes the entire contract, between lessor and Shell concerning the leasing of the premises and the consideration therefor." See *Curtis v. Pierce*, 157 Ga. 717 (122 SE 208); *Morgan Constr. Co. v. Kitchings*, 110 Ga. App. 599 (139 SE2d 417).

2. Even if the defendant's alleged course of conduct was pursued with the intention of taking unfair advantage of the plaintiff and even if the defendant's alleged verbal representations could be shown to constitute a parol agreement to the effect contended, the complaint does not state a claim for specific performance of such parol contract. Since the subject lease instrument was valid and complete and since it specifically gave to only the defendant the right of termination, the alleged parol agreement would vary the terms of the written

instrument, hence it was merged in and superseded by the written instrument. Notwithstanding the allegations to the contrary and the real or imagined "spirit of congeniality and trustworthiness" between the parties, they were nevertheless, engaged in an arm's-length business relationship and transaction, which required the plaintiff to read all contracts to ascertain that they incorporated all of the parties' oral agreements before executing them. Having waived the incorporation of the alleged parol agreement for its lease termination rights in the written lease instrument, the plaintiff is bound by the terms of the instrument as written.

The court did not err in its judgment sustaining the motion to dismiss the complaint.

*Judgment affirmed. All the Justices concur.*