## 46874. WELDING PRODUCTS OF GEORGIA v. KUNIANSKY et al.

CLARK, Judge. This case is an appeal by a plaintiff subtenant who had sustained damage by collapse of a roof from a summary judgment granted to a general contractor who had constructed the building on land owned by him. Construction had been completed in 1966 after which the contractor-owner sold the property on August 1, 1966. The roof collapsed almost four years later on July 22, 1970.

The complaint names as defendants the general contractor-owner, the architect and his collaborator in the preparation of the plans and specifications, the roofer and the concern which placed the roof decking on the building, and the contractor who did the structural steel work for support of the roof. The contractor-owner is the sole defendant involved in this appeal.

The pertinent portion of the complaint alleges: "The collapse of said roof was due to the negligent and improper construction of the building and the roof by the co-defendant, Max Kuniansky, M. K. Construction Corp., Tip Top Roofers, Inc., and R. F. Burton Co. and S. D. Mullins Co., Inc., as well as the negligent and improper design of said building, roof and supports of roof by defendants, Norman Jaffe and O. C. Floyd, and the failure of all defendants to exercise reasonable care in inspecting said building and roof as the same was being constructed."

Defendant Kuniansky denied the material allegations of the complaint and moved for summary judgment supported by an affidavit in which he deposed that he, as a general contractor, had constructed the building in 1966 on his own land. He further deposed: "[S]aid building was built in strict compliance to plans and specifications furnished by the defendant, Norman Jaffe, an architect employed by Air Reduction Company, Inc., who was to lease the premises from your affiant. When said building was completed, it was sold on August 1, 1966, by

your affiant to Caroline Realty Investments, Inc. The lease with Air Reduction Company, Inc. being assigned to Caroline Realty Investments. Inc. That at no time has your affiant dealt with, had an agreement with, or entered into any relationship with the plaintiff herein . . . That your affiant was never aware of any defects in the construction of said building through August 1, 1966, the time said premises were sold to Caroline Investments, Inc." No evidence was offered by the plaintiff in opposition to this defendant's motion.

Under the law of this State, absent fraudulent concealment of known defects, a seller-builder who conveys the realty and improvements thereon after completion is not liable to the purchaser thereof for property damages allegedly resulting from negligent construction. *Dooley v. Berkner,* 113 Ga. App. 162 (147 SE2d 685). Cf. *Amos v. McDonald,* 123 Ga. App. 509 (181 SE2d 515); *Reynolds v. Wilson,* 121 Ga. App. 153 (173 SE2d 256). Where, as here, a subtenant of the purchaser's tenant complains in negligence against seller-builder we have an a fortiori situation.

Cases such as *Hunt v. Star Photo Finishing Co.,* 115 Ga. App. 1 (153 SE2d 602) and *Cox v. Ray M. Lee Co.,* 100 Ga. App. 333 (111 SE2d 246) relied upon by appellant are inapposite. In *Hunt* it was held that a design engineer may be held liable for property damage caused by an inherently and intrinsically dangerous roof design. In *Cox* it was ruled that where the work of an architect or a contractor is accepted by the owner, the former are not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though there was negligence in carrying out the contract, unless (1) the work is a nuisance per se or inherently or intrinsically dangerous or (2) the work done is so negligently defective as to be imminently dangerous to third persons.

For a general survey of the law which obtains in other jurisdictions on the question of a builder-vendor's liability

under tort, warranty and contract of sale for loss, injury or damage caused by defective condition, see Annotation in 25 ALR3d 383.

It having been made to appear on summary judgment from the pleadings and evidence submitted there was no genuine issue as to the controlling facts and that the defendant was entitled to judgment, the trial court did not err in granting same. *Crutcher v. Crawford Land Co.*, 220 Ga. 298, 302 (138 SE2d 580).

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.* ARGUED FEBRUARY 7, 1972—DECIDED FEBRUARY 22, 1972.

*Peek, Whaley & Haldi, J. Robert Hardcastle*, for appellant.

*Shoob, McLain & Jessee, M. David Merritt*, for appellees.