53877. RUSSELL v. CYNWID INVESTMENTS et al.

BANKE, Judge.

The plaintiff walked into a sliding glass door while her family was moving into a new apartment. She sued, by next friend, to recover damages from the architect, the developer, the owner, and the manager of the apartments, as well as the supplier/installer of the glass door. Summary judgment was awarded to the architect, and directed verdicts were granted to the developer and the supplier/installer. A jury verdict was rendered in favor of the remaining defendants, i.e., the owner and the manager. This appeal is from the directed verdicts for the developer and the supplier/installer. Originally, the summary judgment in favor of the architect was also enumerated as error. However, this enumeration has been expressly abandoned.

The evidence presented at trial showed that the glass used in the door was 3/8-inch, nontempered sheet glass, that thicker or tempered glass would have been less easily shattered, and that no decals or other warning or protective devices were located on the door at the time of the accident. However, the glass was of the type customarily used in the construction trade for sliding doors, met all government and industry standards, and had survived seven years of use prior to this incident. There was no evidence that the glass was negligently installed or that it was defective.

The directed verdicts were authorized. A seller-builder of homes and other structures is not liable for damages resulting from negligent construction absent fraudulent concealment of known defects. *Morgan Const. Co. v. Kitchings,* 110 Ga. App. 599 (139 SE2d 417) (1964); *Dooley v. Berkner,* 113 Ga. App. 162 (147 SE2d 685) (1966); *Welding Products of Ga. v. Kuniansky,* 125 Ga. App. 537, 538 (188 SE2d 278) (1972). See *Garrett v.*

*Panacon Corp.,* 130 Ga. App. 641, 643 (204 SE2d 354) (1974). There was, of course, no concealment of any defects in this case.

Even if the appellant could prove her contention that the developer was responsible for the design of the door, the developer would then be liable only if the door were shown to be inherently or intrinsically dangerous or so defective as to be imminently dangerous to third persons. See *Cox v. Ray M. Lee Co.,* 100 Ga. App. 333 (1) (111 SE2d 246) (1959); *Hunt v. Star Photo Finishing Co.,* 115 Ga. App. 1 (1) (153 SE2d 602) (1967); *Garrett v. Panacon Corp.,* supra. The same standard applies to the supplier/installer of the door. See *PPA Industries v. Genson,* 135 Ga. App. 248 (2) (217 SE2d 479) (1975). In a case such as this one, where the glass was routinely used in the industry and met all government and industry standards in effect at the time and where the door was a common object of such a nature that any danger from it would have been as obvious to the purchaser of the structure as to the builder or supplier, it cannot be said that an inherently, intrinsically or abnormally dangerous condition was created, even though a safer material might have been used. See *PPA Industries v. Genson,* supra; Watts v. Bacon & Van Buskirk Glass Co. 18 Ill. 2d 226 (163 NE2d 425) (1960); Bua v. Fernandez, 15 N. Y. 2d 664 (204 NE2d 207) (1964); Shannon v. Butler Homes, Inc., 102 Ariz. 312 (428 P2d 990) (1967). Of course, the issue of whether the door was negligently *maintained* by the owner or manager so as to create a dangerous optical illusion is a factual issue which was properly submitted to the jury.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MAY 9, 1977 — DECIDED MAY 26, 1977.

*Hilton M. Fuller, Jr.,* for appellant.

*Robert Strickland, Jr., Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Frederick E. Link, Gambrell, Russell, Killorin & Forbes, David A.*

*Handley, Jonathan H. Waller,* for appellees.