61516. SOSEBEE v. HIOTT et al.
61517. DIRECTOR'S FUND INVESTORS, INC. et al. v. HIOTT et al.

BANKE, Judge.

The plaintiff suffered burns in an apartment fire and sought damages for negligent mismanagement of the building. Named as defendants were appellee Hiott, a former owner; appellee Redd & Baldwin Management Company, which had acted as Hiott's rental agent; Director's Fund Investors, Inc., which is the current owner; and two of Director's Fund's officers. Director's Fund, by amendment to its answer, cross claimed against Hiott for indemnification or contribution in the event of a recovery against it by the plaintiff. Based on the pleadings and discovery, the trial court granted summary judgment to Hiott and Redd & Baldwin as to plaintiff's claim and also to Hiott as to Director's Fund's cross claim. Case No. 61516 is the plaintiff's appeal from that order, and Case No. 61517 is the appeal of Director's Fund. *Held:*

It is uncontroverted that Hiott was the owner of the building

until March 21, 1979, when he sold it to Director's Fund. The fire occurred on March 25, 1979, four days after the closing. The evidence established that prior to the sale, the entire building was under lease to Royal Marr as a tenant "holding over." Marr lived in one of the apartments and subleased the others. Up until the time of the sale, Redd & Baldwin had acted as Hiott's rental agent in dealing with Marr.

Both appellants contend that a fact question exists concerning Hiott's relationship with Royal Marr after the sale of the building, the resolution of which is a matter for the jury. The basis for this contention is a letter executed at the closing and sent to Royal Marr, informing him of the sale, giving him 60 days' notice to vacate, and advising him that he was authorized to deal with Director's Fund concerning continued occupancy. The letter was signed jointly by Hiott and the president of Director's Fund. Both appellants refer to this letter as an "agreement" and contend that it shows an agency between Hiott and Marr which was to extend 60 days beyond the date the building was sold.

There is no evidence of any agency relationship between Hiott and Marr which is relevant to the issues in this case. The letter of notice referred to above does not constitute such evidence; it was merely a written notice to Marr that a sale had occurred and that he had 60 days to vacate the premises.

The common-law rule of *caveat emptor* is applied strictly to a purchaser of real property. See *Dooley v. Berkner,* 113 Ga. App. 162 (147 SE2d 685) (1966). See also *Walton v. Petty,* 107 Ga. App. 753 (131 SE2d 655) (1963); *Whiten v. Orr Const. Co.,* 109 Ga. App. 267 (136 SE2d 136) (1964). Absent a showing of fraud or deceit, the seller of realty is not liable to the purchaser or his tenants for negligence. *Welding Prod. of Ga. v. Kuniansky,* 125 Ga. App. 537, 538 (188 SE2d 278) (1972). This principle was recently reaffirmed in *Russell v. Cynwid Investments,* 142 Ga. App. 410 (236 SE2d 147) (1977). Although each of these cases involved claims against builder-sellers, the reasoning upon which they are based is equally applicable to suits against other sellers of realty.

There is no evidence or allegation of fraud or deceit on the part of appellee Hiott or his rental agent, Redd & Baldwin in concealing a known defect which gave rise to the fire. Under these circumstances, the sale of the property before the fire insulates these parties from liability. Thus, their motions for summary judgment were properly granted. As Director's Fund's cross claim for indemnification and contribution is moot in the absence of liability on the part of Hiott, the trial court properly granted summary judgment to Hiott on that claim as well.

Although it has no relevance to the issues involved in this appeal, Director's Fund is concerned about the possible effect of a finding by the trial court that the fire was caused by negligent maintenance. We are satisfied from a reading of the trial court's order that no such factual determination was actually made. Rather, the court merely presumed such negligence solely for the purpose of ruling on the motions for summary judgment. Whether Director's Fund is liable to plaintiff because of negligent maintenance is a matter which has yet to be determined.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 4, 1981 —

*Hugh G. Head, Jr., Charles F. Perkins, Shannon Feeney,* for appellant. (case no. 61516).

*John E. Talmadge, Barry S. Mittenthal, Edward Andrews,* for appellees.

*John E. Talmadge, Barry S. Mittenthal,* for appellants (case no. 61517).

*Hugh G. Head, Jr., Charles F. Perkins, Edward Andrews, Shannon Feeney,* for appellees.