A91A2135. JOEL PROPERTIES, INC. v. REED et al.
(416 SE2d 570)

ANDREWS, Judge.

The application of Joel Properties, Inc., for interlocutory appeal was granted to consider whether Joel, the builder of the home in which Ms. Reed was injured in a fall, was improperly denied summary judgment.

Viewed in favor of the Reeds, opponents of summary judgment, OCGA § 9-11-56; *Eiberger v. West,* 247 Ga. 767, 769 (1) (281 SE2d 148) (1981), the evidence was that Joel Properties built and sold the home to Mr. and Ms. Finegan who moved into the home shortly before the holidays in 1987. The home received the required certificate of occupancy. The Reeds, who had known the Finegans for some years and had visited them previously in other homes, came from out of town for a visit on March 26, 1988. The Finegans picked the Reeds

up at the airport and arrived at the Finegan home around midnight. The couples visited and Ms. Reed had a glass of wine. Ms. Reed was given a tour of the house. The house was a two-story home with two staircases joining the floors. There was a formal front-open staircase and a standard enclosed staircase at the other end of the house, i.e., the rear staircase. During her tour, Ms. Reed both ascended and descended the rear staircase, traversed the entire second floor hallway and was shown all the bedrooms on the second floor, including the one where she and Mr. Reed would sleep. The master bedroom and bath were on the first floor.

The two men retired, leaving Ms. Reed and Ms. Finegan talking in the kitchen. When Ms. Reed decided to retire, she went up the front staircase and was asked by Ms. Finegan to turn the upstairs hallway light off when she went up. Upon reaching the top of the stairway, Ms. Reed did so, leaving the hallway in darkness. The switch which she used was located by the front stairway. She then felt her way down the hallway in the dark, using the wall as a guide. She passed one doorway and, believing the next was her bedroom, turned into the opening and fell down the back stairway, suffering serious injury.

Suit was filed against both Joel Properties and the Finegans claiming negligence. Joel moved for summary judgment, contending that, as a matter of law, the stairway was not an inherent or dangerous condition or so negligently constructed as to be imminently dangerous to third parties, which must be shown in order to hold a builder-seller liable, absent a showing of fraud or deceit.

1. There is no dispute that the property at issue had been legally conveyed by Joel to the Finegans prior to the incident. The warranty deed was included in the record. Nor is there any dispute that Ms. Reed was fully aware of the rear staircase and had, in fact, traversed it on the evening in question. In response to the motion for summary judgment below, the Reeds contended that the construction of an open stairwell adjacent to a bedroom door constituted a "mantrap," making summary judgment inappropriate. This contention was premised upon a claimed violation of the Georgia State Building Code, Section 1114.1.5 in that there was no landing on the stairway as required by that section for exit stairways.

The only reference to that Code in the record, however, is its quotation in the brief submitted by the Reeds in opposition to summary judgment. Such a quotation is not evidence, nor is such a rule or regulation a matter of which a court may take judicial notice, when properly requested to do so. OCGA § 24-1-4; *Atlanta Gas Light Co. v. Newman*, 88 Ga. App. 252, 256 (5) (76 SE2d 536) (1953).

"Plaintiff contends that to build a residence hallway with adjacent doorways to a [bedroom] and a flight of steps is in the nature of

a mantrap, and to so maintain it is 'a dangerous act being done.' Since stairways and bathrooms, as well as other rooms, customarily open onto hallways, and since we find no precedent for holding that such construction is negligent . . . [cits.] the defendant's motion for summary judgment should have been sustained." *Goodwin v. Mullins*, 122 Ga. App. 84, 85 (176 SE2d 551) (1970). *Sosebee v. Hiott*, 157 Ga. App. 768, 769 (278 SE2d 700) (1981); *Sanford v. Howe*, 129 Ga. App. 641 (200 SE2d 508) (1973).

Even assuming that the stairway was somehow defective, a seller-builder of homes and other structures is not liable for damages resulting from negligent construction absent fraudulent concealment, not applicable here. *Russell v. Cynwid Investments*, 142 Ga. App. 410 (236 SE2d 147) (1977).

2. A second rationale also mandates summary judgment for Joel here. Ms. Reed knew of the alleged "mantrap" stairway and had successfully used it without succumbing to its dangers. See *Francis v. Haygood Contracting*, 199 Ga. App. 74, 75 (404 SE2d 136) (1991). Here, Ms. Reed, with full appreciation of the danger of feeling her way down a darkened hall and being familiar with the stairway into which she fell, nonetheless proceeded. She assumed the risk of such conduct. *Moore v. Service Merchandise*, 200 Ga. App. 463, 464 (408 SE2d 480) (1991). " 'this is a "plain, palpable, and indisputable" case not calling for resolution by a jury.' " Id.

*Judgment reversed. Sognier, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MARCH 6, 1992.

*Downey, Cleveland, Parker & Williams, Russell B. Davis, Rodney S. Shockley*, for appellant.
*Bentley, Karesh & Seacrest, Thomas S. Bentley, Karsten Bicknese, W. Clinton Rhodes*, for appellees.