A97A0218. ATHENS COUNTRY CLUB, INC. v. JACKSON.
(481 SE2d 904)

SMITH, Judge.

Jean Jackson brought suit against Athens Country Club, Inc. to recover damages for the theft of her fur coat. The trial court denied the club's motion for summary judgment, and we granted its application for interlocutory appeal. We now reverse.

The evidence of record shows that Jackson, who was a member, attended a charity ball at the club. The ball was an annual event, and Jackson had attended it at least ten times. Jackson testified on her deposition that at the previous balls at the club a cloakroom attendant was present, and upon leaving a coat with the attendant she was handed a ticket. On this occasion, Jackson did not see a cloakroom attendant; she observed many other coats hanging in the cloakroom and simply hung her coat there as well. She did not see any tickets, and she did not receive one. At the end of the evening, when

she went to retrieve her coat from the cloakroom, it was missing.

The club's general manager stated in an affidavit that he handled the planning arrangements for the ball and that at no time did anyone from the planning committee of the charity request that a cloakroom attendant be provided. He testified that if an attendant had been requested one would have been provided, for a fee. Neither he nor Jackson was aware of any previous instances in which coats had been stolen from the cloakroom. Members of the charity's planning committee stated in affidavits that a cloakroom attendant had been provided at previous balls at the club without a separate request or charge, and they assumed such an attendant would be provided as it had been in the past.

In its order, the trial court correctly stated the general standard of care: the club was not an insurer of its invitees' safety but was bound to exercise ordinary care to protect them from risks of which it had superior knowledge. *Atlanta Gas Light Co. v. Gresham*, 260 Ga. 391, 392 (3) (394 SE2d 345) (1990). Moreover, even if negligence on the part of the club were shown, it would be insulated from liability if the loss of Jackson's coat was the proximate result of an intervening and unforeseeable criminal act by a third party. *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874, 876 (3) (392 SE2d 535) (1990). The court concluded that the club had no reasonable grounds for apprehending that Jackson's coat would be stolen from its cloakroom.

Notwithstanding this conclusion, the court denied the club's motion for summary judgment on the basis that genuine issues of material fact existed as to whether the club's past actions in providing cloakroom attendants "heightened" its standard of care, and whether the club's actions "misled [Jackson] into the belief that the danger had been removed or deprived [her] of the possibility of help from other sources." We agree with the club that this ruling was error.

First, no evidence was presented that an attendant had been provided in the past for safety reasons. On the contrary, the only evidence on this point indicated that the attendant was provided for the convenience, rather than the safety, of the ball's attendees. But even characterizing the provision of an attendant as a safety measure, the fact that the club provided some safety measures in the past would not heighten its standard of care. *J. C. Penney Co. v. Spivey*, 215 Ga. App. 680, 683 (2) (452 SE2d 191) (1994).

Second, even if the past actions of the club misled Jackson into thinking that an attendant would be provided, those actions were not the proximate cause of her loss because she had an opportunity to avoid any risk attributable to an unattended cloakroom. Jackson may have been misled by the club's prior actions into *wearing* her coat to the club for the ball. But it is apparent that once she arrived at the club and saw the unattended cloakroom and the absence of tickets,

she knew, or should have known, that no attendant was provided. She left her valuable coat in the cloakroom *knowing* that it was unattended; she assumed the risk of theft. See *Joel Properties v. Reed*, 203 Ga. App. 257, 259 (2) (416 SE2d 570) (1992). She therefore cannot recover for the consequences of that risk. The club's motion for summary judgment should have been granted.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 27, 1997.

*Shivers, Johnson & Wilson, Eleanor L. Martel,* for appellant.
*W. Glover Housman, Jr.,* for appellee.